JOHN ROSS *v.* CITY OF NEW HAVEN ET AL.
(7432)

DALY, O'CONNELL and FOTI, Js.

Argued May 17—decision released July 18, 1989

*Richard A. Roberts,* for the plaintiff.

*W. Martyn Philpot, Jr.,* assistant corporation counsel, for the named defendant.

O'CONNELL, J. This case comes before us, pursuant to Practice Book § 4147, by reservation of two questions of law from the trial court. The questions are: (1) "Is the city of New Haven obligated under the Connecticut General Statutes [§ 38-327] and Regulations to provide uninsured motorist benefits to operators of patrol cars it owns which are used by the city of New Haven's department of police services, with respect to which it is self-insured?" and (2) "Does the city of New Haven's status as employer of the plaintiff, John Ross, and the fact that the city of New Haven has paid workers' compensation benefits to him, or on his behalf, bar the plaintiff, pursuant to [General Statutes] § 31-284, from receiving uninsured motorist benefits?" We decline to answer question one, and we answer question two in the affirmative.

A stipulation filed pursuant to Practice Book § 4148 shows that the plaintiff, a New Haven police officer, was on duty driving a New Haven police department patrol car when he was injured in an accident with an

uninsured motorist. He received workers' compensation benefits from the city of New Haven and in this action seeks to recover uninsured motorist benefits from the city.

For the sake of clarity, we will discuss the questions in the reverse order in which they are presented. Thus, we first consider whether the plaintiff's receipt of workers' compensation benefits from the city bars him from receiving uninsured motorist benefits from the city. The pertinent part of our workers' compensation law provides: "All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment . . . are abolished other than rights and claims given by this chapter . . . ." General Statutes § 31-284. This statute has been repeatedly and uniformly construed by the courts of this state to exclude further recovery from the employer by an employee who has received workers' compensation benefits. *Sharp* v. *Mitchell*, 209 Conn. 59, 64, 546 A.2d 846 (1988); *Panaro* v. *Electrolux Corporation*, 208 Conn. 589, 599, 545 A.2d 1086 (1988); *Sullivan* v. *State*, 189 Conn. 550, 558, 457 A.2d 304 (1983). Accordingly, we conclude that the answer to the second question is yes; the plaintiff is barred from receiving uninsured motorist benefits.

The remaining question concerns whether the city of New Haven is required by law to provide uninsured motorist benefits to the operators of its police patrol cars. Practice Book § 4147 grants authority for reservation of questions to this court and provides in pertinent part: "The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case . . . ." In view of our determination that the plaintiff's receipt of workers' compensation benefits bars his receipt of uninsured

motorist benefits, the reserved question is not, in our opinion, "reasonably certain to enter into the decision of the case." Accordingly, we decline to answer it.

We decline to answer question one (re: definition of police patrol cars). We answer question two (re: workers' compensation benefits) yes.

No costs will be taxed to either party.

In this opinion the other judges concurred.