[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: WHETHER WORKER'S COMPENSATION STATUTE IS EXCLUSIVE REMEDY WHERE EMPLOYEE SEEKS UNDERINSURANCE BENEFITS UNDER EMPLOYER'S PERSONAL AUTOMOBILE POLICY
Defendant Frank Colman was involved in an accident while driving a Honda Civic automobile owned by Louis DeSimone, his employer. The Honda Civic was insured by plaintiff CNA Insurance Company (hereafter CNA). Following the accident defendant Frank Colman received workers compensation benefits and certain additional proceeds from the insurance company which insured the vehicle of the tortfeasor. In addition, defendant Colman sought compulsory arbitration to obtain additional payments under the underinsurance provisions of the CNA policy which insured the Honda Civic, as well as other personal automobiles owned by Louis DeSimone.
In its decision the arbitrators stated that:
 The first, and we feel paramount, question before this panel is whether or not the plaintiff is barred from pursuing an action for damages against the defendant because of having been awarded Workman's Compensation benefits from his employer, DeSimone.
 The panel is of the opinion that the oft-cited case of Ross v. New Haven does not apply here, and since the action of the plaintiff is based on a contractual concept as between the plaintiff and the defendant/carrier, the decision in Ross, and other similar cases, does not bar the plaintiff's right to sustain his claim.
 This panel now stands ready to hear the question of damages and considers this matter still "open" to receive evidence in that regard.
Plaintiff CNA brings this application to vacate the foregoing arbitration decision.
Plaintiff CNA advances two principal arguments in opposition to the decision of the arbitrators, viz: 1) the plaintiff's receipt of workers compensation benefits precludes any further claim against Louis DeSimone, his CT Page 4304 employer (C.G.S., section 31-284); and 2) since plaintiff received $38,758.67 in workers' compensation benefits and $20,000 from the tortfeasor, the total of the workers' compensation payments exceeds the $40,000 limit on uninsured motorist coverage applicable to the subject vehicle, and, accordingly, underinsured motorist benefits are not available to the plaintiff. Implicit, if not explicit, in this argument is the unavailability of stacking the underinsurance coverage with that of Louis DeSimone's other vehicles covered by the same policy.
Each party has filed a separate Stipulation of Facts. The facts in common with each Stipulation are as follows:
1) Exhibit A attached to the Stipulation of Facts of each party is the declarations page for the personal automobile insurance provided by CNA for Louis DeSimone;
2) the Honda Civic listed on the declarations page was being operated by Frank Colman within the scope of his employment with Louis DeSimone at the time of the accident;
3) as a result of the accident Frank Colman received workers' compensation benefits as well as monies derived from the tortfeasor's alleged conduct in causing the accident.
Defendant Frank Colman concedes in his brief that CNA is entitled to a set off for the amount which he received as workers' compensation. However, defendant Colman argues that recourse to Louis DeSimone's CNA underinsurance benefits is not prohibited by the Connecticut workers' compensation statute, but is required inasmuch as those insurance benefits are part of an agreement for additional benefits allowed by Connecticut General Statutes section 31-284 (a). Defendant Colman further contends that he is not seeking to stack underinsurance benefits under the fleet doctrine; rather he is proceeding against the personal policy of Louis DeSimone. In this regard, he stresses the fact that the insurance policy at issue lists four vehicles, including the Honda Civic, under the name of Louis DeSimone at his personal, not business, address. Furthermore, the plaintiff contends that because the arbitration in this case was unrestricted, the arbitrators had full authority to decide the issue of insurance coverage as well as the law.
Standard of Judicial Review
The standard and scope of judicial review of the arbitral decision in this compulsory arbitration case is established in American Universal Ins. Co. v. DelGreco, 205 Conn. 178
CT Page 4305 (1987). As in American Universal Ins. Co., the parties have submitted a stipulation of facts.
 Since, in this case, there was a stipulation of facts, it is only necessary for its resolution that we articulate the standard of review necessary with regard to determining questions of law. Accordingly, we hold that, where judicial review of compulsory arbitration proceedings required by section 38-175c (a)(1) is undertaken under General Statutes section 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law of the arbitrators. The Court is not bound by the limitations contractually placed on the extent of its review as in voluntary arbitration proceedings.
Id. at 191.
Accordingly, the analysis of this Court must follow the foregoing standard of review.
Analysis and Interpretation
1. Stacking of underinsurance coverage
The declarations page of the CNA policy in question lists and describes each vehicle separately. In addition, the automobile policy charges an individual premium for uninsured motorist coverage for each vehicle: 1977 Cadillac ($10 premium); 1977 Honda Civic ($9 premium); 1974 Datsun ($9 premium) and; 1968 Cadillac ($9 premium). The declarations page discloses that each vehicle is listed to Louis DeSimone and that the drivers are Louis and Jean DeSimone. No reference is made to a company or business as the insured. If stacking were considered, the maximum dollar value of the ceiling for recovery of underinsured motorist benefits would be $160,000, and not the $40,000 posited by CNA in its argument.
The Connecticut Supreme Court has recognized the concept of "stacking".
 We have recognized the "stacking" of uninsured motorist coverages in situations involving CT Page 4306 separate and distinct policies that were both applicable to a given claim (interpolicy "stacking"). Safeco Ins. Co. v. Vetre, 174 Conn. 329, 333-35, 387 A.2d 539 (1978); Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 452-53, 370 A.2d 1006
(1976); but see Fidelity Casualty Co. v. Darrow, 161 Conn. 169, 286 A.2d 288 (1971). We have also sanctioned the "stacking" of uninsured motorist coverage where a number of vehicles insured under one policy were separately described and individual premiums were charged for each vehicle (intrapolicy "stacking"). Dixon v. Empire Mutual Ins. Co., 189 Conn. 449, 453, 456 A.2d 335 (1983); Nationwide Ins. Co. v. Gode, 187 Conn. 386, 394-97, 446 A.2d 1059 (1982); Safeco Ins. Co. v. Vetre, supra."
Cohn v. Aetna Ins. Co., 213 Conn. 525, 528 (1990).
 "Stacking is derived from the presumption that when the named insured purchases uninsured motorist coverage on more than one automobile, he intends to buy extra protection for himself and his family, regardless of whether his injury occurs in any one of his insured vehicles or elsewhere." Travelers Ins. Co. v. Pac, 337 So.2d 397, 398 (Fla.App. 1976)."`"This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles." See also Tucker v. Government Employees Ins. Co., 288 So.2d 238 (Fla. 1973).`Safeco Ins. Co. v. Vetre, supra, 334." Nationwide Ins. Co. v. Gode, supra, 395. "`Where two premiums are paid for two vehicles, whether in one policy or two, total coverage for the named insured is doubled since a person can reasonably expect double coverage when he pays double premiums.' Yacobacci v. Allstate Ins. Co., [33 Conn. Sup. 229, 231, 372 A.2d 987 (1976)]." Nationwide Ins. Co. v. Gode, supra, 396. (emphasis added).
Cohn v. Aetna Ins. Co. 213 Conn. 525, 530 (1990).
Since presumably Louis DeSimone's vehicles are personal and not business vehicles, the judicially disapproved fleet stacking concept (i.e. stacking of uninsured motorist coverage of vehicles under an insurance policy covering vehicles owned by a business, governmental entity or an institution) Id. at 530, would not prohibit the application of stacking for use in the award. CT Page 4307
2. The Connecticut Workers' Compensation Statute
Stacking aside, plaintiff CNA's position concerning the exclusivity of recovery under the Connecticut Workers' Compensation statute can not be disregarded. The germane section of the statute states:
 All rights and claims between employer and employees. . . arising out of personal injury. . . sustained in the course of employment. . . are abolished other than rights and claims given by this chapter. . . .
Connecticut General Statutes Section 31-284.
In Ross v. New Haven, 19 Conn. App. 169 (1989), the Appellate Court reaffirmed the exclusivity of recovery under the workers' compensation statute. After receiving workers' compensation benefits from the City of New Haven for injuries sustained in an automobile accident while on duty, Ross, a police officer in New Haven, sued the City in an effort to obtain uninsured motorist benefits. The Appellate Court ruled that Officer Ross could not have access to those benefits.
 This statute [General Statutes section 31-284] has been repeatedly and uniformly construed by the courts of this State to exclude further recovery from the employer by an employee who has received workers' compensation benefits. (Citations omitted).
Ross, supra at 171.
The Court finds as unavailing defendant Colman's argument that underinsurance motorist benefits under the CNA policy represent an agreement for additional benefits under Connecticut General Statutes Section 31-284, the pertinent part of which states that ". . . provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits." Defendant Colman does not cite a case in support of his position. Furthermore, this Court interprets the aforesaid part of the statute as contemplating an agreement between the parties, viz, an offer and an acceptance supported by consideration, for any such additional benefits. The facts evidencing such an agreement are absent from this case. CT Page 4308
Although the court is not unmindful of the additional damages which defendant Colman is seeking nor of the suffering which he may be enduring, the Court is bound by the decision in Ross v. New Haven, supra, and by the exclusivity of recovery mandated by the workers' compensation statute.
For the foregoing reasons, the application to vacate the arbitration award is granted.
CLARANCE J. JONES, JUDGE