BRUCE A. BOULEY ET AL. *v.* CITY OF NORWICH ET AL.
(9046)

DUPONT, C. J., SPALLONE and LANDAU, Js.

Argued December 11, 1990—decision released July 30, 1991

*Donald R. Beebe,* with whom were *David O'Dea* and, on the brief, *Christopher J. Walsh,* for the appellants (plaintiffs).

*Marc Mandell,* assistant corporation counsel, with whom, on the brief, was *Ralph Bergman,* assistant corporation counsel, for the appellees (defendants).

*Kerin Margaret Woods* and *William F. Gallagher* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

LANDAU, J. The plaintiff appeals from the trial court's granting of the defendant's motion for summary judgment. We hold that although there was no material fact in issue, the defendant was not entitled to judgment as a matter of law, and, therefore, the court's judgment must be reversed.[1]

The plaintiff was a police officer employed by the defendant. He was injured in the course of his employment when the police car he was operating was involved in a collision with another car. He received workers' compensation benefits and $20,000 from the other driver's insurance carrier, which was the limit of the policy. The plaintiff's economic and medical damages allegedly exceeded $20,000. Claiming that the compensable value of his injuries exceeded the amount of coverage available from the other driver's insurance policy, the plaintiff sought the monetary difference between the two amounts from the defendant, as underinsured motorist benefits. The defendant was self-insured for automobile liability coverage.

The issue to be decided is whether the defendant is obligated to provide uninsured or underinsured motorist benefits, as well as workers' compensation benefits, to an employee injured during the course of his employ-

---

[1] The defendants are the city of Norwich police department and the municipality of Norwich. The wife of Bruce Bouley, Donna E. Bouley, is also a plaintiff and seeks damages for loss of consortium. As used in this decision, defendant refers to the city and plaintiff to the named plaintiff.

ment notwithstanding General Statutes § 31-284.[2] Section 31-284 provides that the Workers' Compensation Act is the exclusive remedy for claims of an employee against an employer, except if the employee has secured additional benefits by agreement with the employer. The plaintiff claims that he is entitled to uninsured motorist coverage pursuant to General Statutes § 38a-336 (a) (2) (formerly § 38-175c [a] [2]), the uninsured motorist statute.[3] The defendant argues that it is exempt from paying the plaintiff underinsured motorist benefits, not because it is a self-insurer but because the plaintiff has received workers' compensation benefits as a result of the accident, which is the exclusive source of his benefits from the defendant, except as otherwise agreed. The defendant argues that any conflict between the uninsured motorist benefits coverage and the Workers' Compensation Act must be resolved in favor of the exclusivity provision of the latter. The defendant also claims that police patrol cars are not within the statutory category of vehicles that must have uninsured motorist coverage and that, therefore, the plaintiff is not entitled to compensation beyond his workers' compensation benefits.[4]

---

[2] General Statutes § 31-284 provides in pertinent part: "(a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment . . . are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

[3] In a recent unpublished case, *Williams* v. *Hertz Corporation,* Docket No. 87-757 (D.D.C. Jan. 12, 1989), the court held that a self-insured owner of vehicles must provide the same uninsured-underinsured motorist coverage as an owner who has purchased coverage from an insurance company. The case, however, does not involve an employer and employee.

[4] This claim was not raised in the trial court and is not claimed as an alternate ground for upholding the trial court's judgment. We, therefore, do not consider it.

We addressed the same issue in *Ross* v. *New Haven,* 19 Conn. App. 169, 561 A.2d 457, cert. granted, 212 Conn. 814, 565 A.2d 536 (1989).[5] In *Ross,* we held that the exclusive remedy provision of General Statutes § 31-284 bars an employee from seeking uninsured motorist benefits from his self-insured employer after having already received workers' compensation benefits, in the absence of an agreement with the employer for additional benefits. We conclude that *Ross* has been effectively overruled by *Wilson* v. *Security Ins. Co.,* 213 Conn. 532, 569 A.2d 40, cert. denied,      U.S.     , 111 S. Ct. 52, 112 L. Ed. 2d 28 (1990).[6]

We further conclude that a self-insured entity, in its capacity as an employer, is required to provide workers' compensation benefits, and, as an insurer, is required to provide uninsured motorist benefits. An employee's receipt of workers' compensation benefits from a self-insured employer does not, therefore, preclude his right to receive uninsured motorist benefits.

A review of the purposes and policies underlying workers' compensation benefits and uninsured motorist benefits indicates that they exist for separate and distinct reasons.

" 'The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer.' *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979). The Workers' Compensation Act 'com-

---

[5] After the Supreme Court granted the plaintiff's petition for certification, the appeal was withdrawn.

[6] The court granted summary judgment in the present case on March 26, 1990, less than two months after the publication of *Wilson* v. *Security Ins. Co.,* 213 Conn. 532, 569 A.2d 40 (1990). Neither party cited it to the trial court, and neither party cites it in their briefs to this court. The amicus curiae brief of the Connecticut Trial Lawyers' Association does, however, cite *Wilson.*

promise[s] an employee's right to a common law *tort action* for work related injuries in return for relatively quick and certain compensation.' *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 97, 491 A.2d 368 (1985); see also 81 Am. Jur. 2d, Workmen's Compensation § 2 (1976); 2A A. Larson [Workmen's Compensation Law (1983)] § 72.61, p. 14-228.49; A. Larson, 'The Nature and Origins of Workmen's Compensation,' 37 Cornell L.Q. 206 (1952).'' (Emphasis added.) *Panaro* v. *Electrolux Corporation,* 208 Conn. 589, 598–99, 545 A.2d 1086 (1988). It is undisputed that the Workers' Compensation Act, General Statutes § 31-275 et seq., is the exclusive remedy for injuries sustained by an employee "arising out of and in the course of his employment." Except as provided by statute, all rights and claims between employers and employees, or their representatives or dependents, arising out of personal injury or death sustained in the course of employment are abolished. *Wesson* v. *Milford,* 5 Conn. App. 369, 372, 498 A.2d 505, cert. denied, 197 Conn. 817, 500 A.2d 1337 (1985), citing *Velardi* v. *Ryder Truck Rental Inc.,* 178 Conn. 371, 375, 423 A.2d 77 (1979); see also *Sgueglia* v. *Milne Construction Co.,* 212 Conn. 427, 433, 562 A.2d 505 (1989).

As with all insurance policies, an uninsured motorist policy "is a *contract* and the risks covered by the policy are determined by the intention of the parties as manifested in the contract." (Emphasis added.) *Ryiz* v. *Federal Ins. Co.,* 5 Conn. App. 179, 182, 497 A.2d 1001 (1985). Uninsured motorist insurance covers the insured who is injured by an uninsured motorist. Every residual automobile liability policy must provide uninsured motorist coverage pursuant to General Statutes § 38a-336. General Statutes § 38a-370 (b) (formerly § 38-326 [b]).[7] The purpose of this insurance is to give

[7] General Statutes § 38a-370 provides: "RESIDUAL LIABILITY INSURANCE. (a) Under residual liability insurance the insurer is liable to pay, on behalf of the owner or other persons insured, sums which the owner or insured

the injured party the same protection as if he had been injured by an insured motorist. *Harvey* v. *Travelers Indemnity Co.,* 188 Conn. 245, 249, 449 A.2d 157 (1982); 7 Am. Jur. 2d § 293. Under such a policy, an insurer

is legally obligated to pay as damages because of bodily injury and property damage arising out of the ownership, maintenance or use of a private passenger motor vehicle as a motor vehicle if the injury or damage occurs within the United States of America, its territories or possessions or Canada.

"(b) Residual liability insurance shall afford coverage which satisfies the requirements of sections 38a-334 to 38a-336, 38a-338, and 38a-340 to 38a-343, inclusive."

General Statutes § 38a-336 provides: "UNINSURED MOTORIST COVERAGE. (a) (1) Each automobile liability insurance policy shall provide insurance, herein called uninsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom. Each insurer licensed to write automobile liability insurance in this state shall provide uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but the insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of the policy issued to the named insured. No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured.

"(2) Notwithstanding any provision of this section to the contrary, each automobile liability insurance policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount, but not less than the limits specified in subsection (a) of section 14-112. Such written request shall apply to all subsequent renewals of coverage and to all policies or endorsements which extend, change, supersede or replace an existing policy issued to the named insured, unless changed in writing by the insured.

"(b) An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after

pays the insured the amount that he is legally entitled
to recover from the uninsured motorist. General Statutes
§ 38a-336; Regs., Conn. State Agencies § 38-175a-6 (a);[8]
*Harvey* v. *Travelers Indemnity Co.,* supra, 247.

General Statutes (Rev. to 1985) § 38-327 (c) (1) (now
§ 38a-371) permits self-insurance provided a self-insurer
files a form to continue to undertake "to pay basic repa-
rations benefits and the liabilities covered by residual
liability insurance and to perform all other obligations
imposed by this chapter. . . ." Section § 38a-370 (b)
provides that "[r]esidual liability insurance shall afford
coverage which satisfies the requirements of sections

the limits of liability under all bodily injury liability bonds or insurance poli-
cies applicable at the time of the accident have been exhausted by payment
of judgments or settlements, but in no event shall the total amount of recov-
ery from all policies, including any amount recovered under the insured's
uninsured motorist coverage, exceed the limits of the insured's uninsured
motorist coverage.

"(c) Each automobile liability insurance policy issued on or after Octo-
ber 1, 1971, which contains a provision for binding arbitration shall include
a provision for final determination of insurance coverage in such arbitra-
tion proceeding. With respect to any claim submitted to arbitration on or
after October 1, 1983, the arbitration proceeding shall be conducted by a
single arbitrator if the amount in demand is forty thousand dollars or less
or by a panel of three arbitrators if the amount in demand is more than
forty thousand dollars."

"(d) For the purposes of this section, an 'underinsured motor vehicle'
means a motor vehicle with respect to which the sum of the limits of liabil-
ity under all bodily injury liability bonds and insurance policies applicable
at the time of the accident is less than the applicable limits of liability under
the uninsured motorist portion of the policy against which claim is made
under subsection (b) of this section."

[8] Section 38-175a-6 of the Regulations of Connecticut State Agencies pro-
vides in pertinent part: "MINIMUM PROVISION FOR PROTECTION AGAINST
UNINSURED MOTORISTS. (a) COVERAGE. The insurer shall undertake to pay
on behalf of the insured all sums which the insured shall be legally entitled
to recover as damages from the owner or operator of an uninsured motor
vehicle because of bodily injury sustained by the insured caused by an acci-
dent involving the uninsured motor vehicle. This coverage shall insure the
occupants of every motor vehicle to which the bodily injury liability cover-
age applies. 'Uninsured motor vehicle' includes a motor vehicle insured
against liability by an insurer that is or becomes insolvent."

38a-334 to 38a-336, 38a-338, and 38a-340 to 38a-343, inclusive." Section 38a-336 requires that automobile liability insurance policies must provide uninsured motorist coverage. Accordingly, self-insurers are required to provide uninsured motorist coverage.

Except for the fact that the defendant is self-insured, the facts in *Wilson* v. *Security Ins. Co.,* supra, are identical to the facts in the case before us. *Wilson* involved a Woodbridge police officer who was injured by a hit and run driver while on duty. The defendant insurance company had in force a business automobile liability policy insuring vehicles owned by the town of Woodbridge. Id., 533–34. Although the principal issue involved whether the uninsured motorist coverage could be stacked, on cross appeal the plaintiff raised the issue of the relationship between uninsured motorist benefits and workers' compensation benefits. Id., 533, 536.

In his cross appeal, the plaintiff argued that his damages were for pain, suffering, disability, and loss of earning capacity, none of which is recoverable under the workers' compensation laws. He, therefore, asserted that his damages had not been paid and, thus, no reduction in uninsured motorist coverage was required under § 38-175a-6 (d) of the Regulations of Connecticut State Agencies.[9] *Wilson* v. *Security Ins. Co.,* supra, 537.

---

[9] Section 38-175a-6 (d) of the Regulations of Connecticut State Agencies provides: "LIMITS OF LIABILITY. The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been

"(1) paid by or on behalf of any person responsible for the injury,

"(2) paid or are payable under any workers' compensation or disability benefits law, or

"(3) paid under the policy in settlement of a liability claim. The policy may also provide that any direct indemnity for medical expense paid or payable under the policy or any amount of any basic reparations benefits

Because the court found that § 38-175a-6 (d) did not quantify the kinds of damages that must be paid before a reduction could occur, it concluded that "[i]f damages are paid pursuant to the workers' compensation law, the uninsured motorist coverage may be reduced accordingly. General Statutes § [38a-336] contains no mandate that uninsured motorist coverage benefits may not be reduced." Id., 538. Therefore, the amount received under uninsured motorist coverage may be reduced by the amount paid or payable under workers' compensation. Thus, the receipt of workers' compensation benefits does not preclude the receipt of uninsured motorist benefits.

The defendant acknowledged in its brief that "[i]t seems clear from the Connecticut General Statutes that self-insurers, like the City, are required to provide uninsured motorist benefits. As is asserted by the appellant, Conn. General Statute Section [38a-370 (b)] unambiguously requires that residual liability insurance satisfy the requirements of Section [38a-334] *et seq,* which includes provisions concerning uninsured motorist coverage. However a police patrol car does not fall within the statutory category of vehicles which require uninsured motorist coverage pursuant to Section [38a-334], [38a-363 (g)] and 14-1 of the Connecticut General Statutes."

In *Christy* v. *Newark,* 102 N.J. 598, 510 A.2d 22 (N.J. 1986), a police officer was injured when a hit and run vehicle struck his police car, and he sought uninsured motorist benefits from his employer, a self-insured municipality, in addition to his workers' compensation benefits. The New Jersey Supreme Court concluded

paid or payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment."

that a self-insured municipality was obligated by statute to provide uninsured motorist benefits and that the employee's receipt of workers' compensation benefits from the municipality did not preclude receipt of uninsured motorist benefits. The court reached this conclusion by distinguishing between an action in tort and an action in contract. In reaching its conclusion, the *Christy* court noted that the purpose of workers' compensation in New Jersey is to prohibit an employee from suing an employer in negligence and that suits against third party tortfeasors are preserved. Id., 609. Of particular import was the fact that recovery from a third party does not result in double recovery for the same injury because the employer is entitled to a credit or reimbursement for damages paid to the employee. Id., 609–10. The *Christy* court also specifically determined that the claim for uninsured motorist benefits arises out of a contract created by the statutory obligation to furnish such benefits. Id.

In *Heavens* v. *Laclede Gas Co.,* 755 S.W.2d 331 (Mo. App. 1988) the Missouri Court of Appeals concluded that a self-insured employer is required by statute to provide uninsured motorist coverage to an employee injured by an uninsured motorist in the course of employment. Id., 332. The court distinguished between the defendant as employer and the defendant as insurer and specifically noted that had the defendant purchased insurance rather than self-insuring, the insurer would have paid the employee under the uninsured motorist provision of the policy. Id. The court, therefore, focused on whether a self-insurer is statutorily required to provide uninsured motorist benefits. Answering this question affirmatively, the court commented that it would be "unconscionable to allow an employer to totally avoid providing employees with uninsured motorist coverage by choosing to be self-insured." Id., 333.

Similarly, the purpose of the worker's compensation law in this state is to provide the exclusive tort remedy for an employee against an employer. See *Panaro* v. *Electrolux Corporation,* supra, 599; *Mingachos* v. *CBS, Inc.,* supra. Just as the Missouri court found in *Heavens,* self-insurers in Connecticut are statutorily required to provide uninsured motorist coverage pursuant to General Statutes §§ 38a-371 (formerly 38-327) and 38a-370 (b). As the New Jersey court found in *Christy,* our laws permit Connecticut employers "having paid, or having become obligated to pay, compensation" to bring an action against a third party, with a legal liability to pay damages for an employee's injury, to recover any amount paid or which it has become obligated to pay. General Statutes § 31-293; *Enquist* v. *General Datacom,* 218 Conn. 19, 22–23, 587 A.2d 1029 (1991); *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 488, 528 A.2d 826 (1987). In addition, our Supreme Court in *Wilson* has recently affirmed the legality of the reduction to uninsured motorist benefits by the amount paid or payable under workers' compensation pursuant to § 38-175a-6 (d) of the Regulations of Connecticut State Agencies. In doing so, the court has recognized the legality of an employee's receipt of both workers' compensation benefits and uninsured motorist benefits. Thus, a self-insured employer is required to provide workers' compensation benefits and uninsured motorist coverage. Therefore, an injured employee of a self-insured employer is entitled to receive the same benefits as an employee of an employer that is not self-insured.

The judgment is reversed and the case is remanded for further proceedings.