CNA INSURANCE COMPANY *v.* FRANK COLMAN ET AL.
(9846)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued June 3—decision released September 3, 1991

*Laurence V. Parnoff,* with whom, on the brief, was *Kathryn L. Braun,* for the appellant (defendant).

*Jan C. Trendowski,* with whom, on the brief, was *Justin J. Donnelly, Sr.,* for the appellee (plaintiff).

PER CURIAM. This case presents the issue of whether the Connecticut workers' compensation statute bars an employee from seeking recovery from the underinsurance benefits available under his employer's personal automobile liability policy. Because we hold that the exclusive remedy provisions of the workers' compensation statute, General Statutes § 31-284,[1] do not prohibit an employee from obtaining benefits pursuant to the underinsurance coverage of his employer's personal automobile policy, we reverse the decision of the trial court granting the plaintiff's application to vacate an arbitration award.

---

[1] General Statutes § 31-284 provides as follows: "(a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as follows. . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment . . . are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

The defendant[2] was injured in an automobile collision while acting within the scope of his employment and operating an automobile owned by his employer. His employer's automobile, along with three other vehicles owned by the employer, was insured under a personal automobile policy issued by the plaintiff insurance company. Each of the vehicles carried $40,000 in uninsured-underinsured motorist coverage. After exhausting the tortfeasor's liability coverage of $20,000 and receiving workers' compensation benefits of $38,758.67, the defendant commenced a compulsory arbitration proceeding seeking underinsured motorist benefits from his employer's underinsured motorist coverage.

The arbitration panel concluded that the Connecticut workers' compensation statute does not preclude further recovery against the employer's underinsured motorist coverage. The plaintiff then filed an application to vacate the arbitration award. The trial court granted that application, concluding that the defendant's claim is barred by this court's decision in *Ross* v. *New Haven,* 19 Conn. App. 169, 561 A.2d 457, cert. granted, 212 Conn. 814, 565 A.2d 536 (1989).[3] After *Ross* was decided, however, our Supreme Court effectively overruled *Ross* in the case of *Wilson* v. *Security Ins. Co.,* 213 Conn. 532, 569 A.2d 40, cert. denied, U.S. , 111 S. Ct. 52, 112 L. Ed. 2d 28 (1990).

In *Wilson,* an employee was allowed to recover uninsured motorist benefits where the employer had obtained a separate uninsured motorist policy from an outside insurer. We have concluded in our recent case of *Bouley* v. *Norwich,* 25 Conn. App. 492, 595 A.2d 884 (1991), that *Wilson* is the present law and that there

---

[2] The wife of Frank Colman, Shirley Colman, is also a defendant. As used in this decision, defendant refers to the named defendant.

[3] After the Supreme Court granted the plaintiff's petition for certification, the appeal was withdrawn.

should not be any difference between an employer who is a self-insurer and an employer who obtains insurance from an independent insurance company. In either case, the exclusivity provision of General Statutes § 31-284 does not bar an employee who has received workers' compensation benefits from also obtaining uninsured or underinsured motorist benefits reduced by any workers' compensation benefits paid or payable.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's application to vacate the arbitration award.