[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, KBI Security Service, Inc. ("KBI"), has moved to reopen a judgment in the amount of $85,000 entered against it on April 9, 1991 after a hearing in damages, and also to stay enforcement of an execution issued on June 19, 1991. Defendant's motion to reopen was filed November 22, 1991, considerably more than four months after the date of judgment. Accordingly, the plaintiff, Ernest Dalton, claims that this court is CT Page 1687 without jurisdiction to entertain such a motion; General Statutes 52-212a; Practice Book 326; Van Mecklenburg v. Pan American World Airways, Inc.,196 Conn. 517, 518, 494 A.2d 549 (1985).
The defendant contends that the four-month rule is inapplicable because the court lacked subject matter jurisdiction to enter judgment against it. Misinonile v. Misinonile, 190 Conn. 132, 134-35, 459 A.2d 518 (1983). The defendant further claims that the judgment was procured by fraud on the part of the plaintiff, also a ground for vacating a judgment. Varley v. Varley, 180 Conn. 1, 4, 428 A.2d 317 (1980).
The plaintiff was an employee of the defendant and was injured in an automobile accident on March 14, 1989 in Bridgeport, while in the course of his employment, and as a result of the negligence of a third party tortfeasor. This third party had liability insurance in the amount of $20,000, which was exhausted when the plaintiff and the third party settled plaintiff's personal injury case in that amount. The plaintiff also received workers' compensation benefits from KBI.
The plaintiff then sought to recover from the uninsured/underinsured motorist ("UM") coverage maintained by his employer, KBI. He subsequently commenced an action against KBI, claiming in essence that the defendant had refused to advise the plaintiff of the identity of its UM carrier, or to notify its carrier of plaintiff's claim, and that the plaintiff was damaged by defendant's actions. The complaint is ambiguous but purports, I believe, to assert a third-party beneficiary claim.
Plaintiff's claim for damages was addressed at a hearing in damages held after the defendant had been defaulted on September 4, 1990, for failing to appear. The court awarded the plaintiff $85,000 after hearing evidence of the personal injuries he sustained in his accident with the third party tortfeasor.
The first issue, then, is whether the exclusivity provisions of the Workers' Compensation Act (the "Act") deprived this court of subject matter jurisdiction to enter a judgment on April 9, 1991.
Defendant's contention that a plaintiff does not have a cause of action against his employer because of the exclusivity provisions of the Act was rejected in Bouley v. City of Norwich, 25 Conn. App. 492, 502,595 A.2d 884, cert. granted,[1] 220 Conn. 915,597 A.2d 332 (1991), where the court held that an employee's receipt of workers' compensation did not preclude his right to uninsured motorist benefits, Id., 495.
Bouley, of course, involved a self-insured municipality, but I believe is equally applicable to any employer, including one who procures UM motorist coverage from an insurance company. In addressing the exclusivity provision of the act, the Appellate Court distinguished an action in tort from a claim in contract. The exclusivity provision abolishes the right of an employee to bring an action in tort against his employer for injuries incurred in the CT Page 1688 course of employment, but does not prevent a claim which "arises out of a contract created by the statutory obligation to furnish [uninsured motorist benefits]." Id., 495, 501. It follows therefore that the court did not lack subject matter jurisdiction to enter an award in favor of the plaintiff because of the exclusivity provisions of the Act.
This issue, of course, will not be finally resolved until it is decided by the Supreme Court pursuant to the certification in Bouley. At this time, however, Bouley is still good law. See also Fusaro v. Chase Brass Copper Co., 21 Conn. Sup. 240, 243, 154 A.2d 138 (1956), which holds that the exclusivity provision of the Workers' Compensation Act "is not. . . a denial of jurisdiction in the Superior Court" but rather "a want of a cause of action in the plaintiff." Id. Accord Morgan v. Waterbury Renewal Economic Development Agency, 3 CTLR 356 (February 19, 1991); Spain v. Blue Cross-Blue Shield of Connecticut, 3 CSCR 645, 646 (June 20, 1988).
It is also noted that plaintiff's suit in this case does not seek underinsured motorist coverage as such, but rather contends in effect that he is a third-party beneficiary of UM coverage maintained by his employer, and that the defendant thwarted his opportunity to collect thereon.
Defendant's second argument respecting jurisdiction is that the court lacked authority to enter judgment since the plaintiff had no cause of action for underinsured benefits. This assertion is based on the following: (i) any claim for underinsured motorist coverage should have been decided by arbitration pursuant to the defendant's insurance policy; General Statutes 38a-336 (c); rather than by an action in this court; (ii) the amount of the third party's liability policy, $20,000, was not less than the amount of the underinsured motorist coverage held by defendant, which was also $20,000. An "underinsured vehicle" is one with respect to which the total of the limits of liability of all insurance policies is less than the limits of uninsured motorist coverage of the policy against which claim is made. General Statutes 38a-336 (d); Covenant Insurance Co. v. Coon,220 Conn. 30, 33-4, 594 A.2d 978 (1991); and (iii) the amount of UM coverage was only $20,000, yet the judgment against the defendant was in the amount of $85,000. Defendant argues in this regard that although $20,000 may be recoverable theoretically under the UM contract, the balance or $65,000 represents tort damages against the defendant, plaintiff's employer, which are prohibited under Bouley because of the exclusivity provisions of the Worker's Compensation Act.
These assertions may very well have considerable merit, but nonetheless do not implicate subject matter jurisdiction. As pointed out in Meinket v. Levinson, 193 Conn. 110, 115, 474 A.2d 454 (1984), "a court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Clearly this court has jurisdiction over the subject of UM coverage, since in essence it involves contractual relations. See Gaudet v. Safeco Insurance Co., 219 Conn. 391, 398-99, 593 A.2d 1362 (1991), and Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 349, CT Page 1689363 A.2d 170 (1975) (arbitrator has "primary jurisdiction"; court has original subject matter jurisdiction).
The alleged defects in plaintiff's cause of action should have been addressed by defendant during the pendency of the suit. Defendant claims that its failure to respond to plaintiff's suit was the fault of its insurance agent and/or carrier, to whom all the court documents, including the summons and complaint, the motion for default, notice of entry of default, and notice of entry of judgment, were forwarded.[2] The alleged negligence of the defendant's agent/broker, and/or carrier does not mean that this court was without jurisdiction to enter a judgment in favor of the plaintiff. Negligence on the part of a litigant is an insufficient ground to reopen a judgment. Automotive Twins, Inc. v. Klein, 138 Conn. 28, 34, 82 A.2d 146 (1951).
Moreover, it appears that the defendant itself is not without some degree of fault. It received a notice that plaintiff had filed a motion for default for failure to appear. That motion was apparently forwarded by KBI to the agent and/or carrier. Thereafter the defendant received notice that such a default had actually entered. This notice should have triggered some positive action on the part of defendant. In any event, defendant may well have available to it a cause of action against its insurance agent and/or the UM carrier, or some other form of relief to void this judgment, but is not entitled to have the judgment reopened after four months have elapsed where the court had subject matter jurisdiction at the time of the entry of the judgment.
With respect to the claim of fraud, defendant KBI contends that plaintiff committed fraud in commencing an action against his employer, after having received worker's compensation benefits, when he knew those benefits provided the exclusive remedy by law. We have already pointed out that the exclusivity provision of the Workers' Compensation Act affects tort claims, not contract claims. Bouley, supra.
The defendant's assertion that plaintiff's suit to obtain the name of the UM carrier when plaintiff already knew the identity thereof perpetuated some form of fraud on the court is equally without merit. Plaintiff's complaint is much more broadly drawn. Although a trial court has inherent power to open a judgment procured by fraud; Masters v. Masters, 201 Conn. 50, 59,513 A.2d 104 (1986); it is incumbent upon the movant to establish "by clear and satisfactory proof that a fraud was perpetrated on the court"; Id., 56. Defendant KBI, the movant here, has not proved the court was without jurisdiction to render the judgment in question or that the plaintiff obtained the judgment fraudulently. Thus, the defendant's motion to reopen judgment is denied on the ground that four months had elapsed after judgment had entered, and thus this court is without jurisdiction to entertain such a motion.
So Ordered. CT Page 1690
Dated at Bridgeport, Connecticut, this 10th day of February, 1992.
WILLIAM B. LEWIS, JUDGE