[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in his complaint that he slipped and fell in the parking lot of Textron. He further alleges that Kachmarik and Textron had a contract wherein Kachmarik undertook to remove snow and ice from said parking lot, but failed to do so leading to his fall and injuries. The plaintiff claims to be a third party beneficiary to that contract and sues Kachmarik for his injuries.
Kachmarik filed a third party complaint against Textron for indemnification, alleging the following facts. There was a contract which obligated Kachmarik to plow Textron's lot, but only when requested to do so by Textron or when there was a two inch snow level according to the Weather Service Advisory. As there was no snow accumulation on the date of plaintiff's injuries, nor was Kachmarik requested to plow by Textron, the plaintiff's injuries could only be a result of Textron's negligence.
Textron filed a special defense claiming that Kachmarik's claim for indemnification is barred by the exclusivity provision of CT Page 3454 the Workers' Compensation Act. Kachmarik moves to strike this special defense.
It is undisputed that the Workers' Compensation Act, General Statutes 31-275, et seq., is the exclusive remedy for injuries sustained by an employee "arising out of and in the course of his employment." Bouley v. Norwich, 25 Conn. App. 492, 496 (1991). Textron's special defense is based on the ground that allowing Kachmarik's indemnification claim will violate the exclusivity provisions; General Statutes 31-284; because it would allow the plaintiff-employee to essentially recover from Textron the employer. Kachmarik bases its motion to strike on Ferryman v. Groton, 212 Conn. 138 (1989).
The issue in Ferryman was "whether an employee-employer relationship between a plaintiff and a third party defendant bars a claim for indemnity brought by the original defendant against the third party defendant." Id., 139. This is the precise issue in the instant case. In Ferryman, the court concluded that "[b]ecause there are allegations of an independant relationship between the defendant and the third party defendant/employer," the employee-employer relationship did "not bar the third party action." Id.
Kachmarik argues that the allegations of its third party complaint demonstrates an "independent legal relationship" between he and Textron as there was a contract between them. Ferryman, however, did not simply hold that a relationship need be demonstrated, but that only "if the employer can be said to have breached an independent legal duty toward the third party. . .[can] recovery in the form of indemnity [ ] be allowed." Id., 144-145, quoting 2A a. Larson, Workmen's Compensation Law, 76. See also Farm Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539, 554 (1954). And in Ferryman, the third party complaint's allegations demonstrated relationships "which could contain the express or implied independent, legal duty that would serve to preclude the operation of the exclusive remedy provisions of 31-284." Ferryman, supra, 146.
The allegations in Kachmarik's third party complaint may demonstrate a contractual relationship between him and Textron, but that they do not demonstrate any independent duty that Textron owed to Kachmarik. Therefore, because Ferryman requires the showing of a duty and not just a relationship. Kachmarik's motion to strike is denied as he has shown no duty owed to him by Textron.
MEADOW, J. CT Page 3455