[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 31, 1992 the plaintiff filed a two-count revised complaint against defendants Ronald Ingraham and Edmond's, Inc. The plaintiff alleges that while he and defendant Ronald Ingraham were employed by defendant Edmond's Inc., the plaintiff suffered personal injuries as the result of a motor vehicle collision. The plaintiff alleges that he was a passenger in the motor vehicle, which was owned by defendant Edmond's, Inc. and operated by CT Page 3709 defendant Ingraham. Both the plaintiff and defendant Ingraham were allegedly acting within the scope of their employment.
In the first count, the plaintiff alleges that the collision and his injuries were the result of defendant Ingraham's negligence.
In the second count, the plaintiff realleges the negligence of defendant Ingraham and alleges that the collision and his injuries were the result of defendant Edmond's, Inc. negligence, as Ingraham's employer, since defendant Ingraham's acts were within the scope of his employment.
On February 7, 1992 defendant Edmond's, Inc. filed a motion to strike the second count of the complaint on the ground that this count is barred by the Workers' Compensation Act. A memorandum of law in support of the motion was also filed.
On February 18, 1992 the plaintiff filed a memorandum in opposition to the motion to strike.
On February 26, 1992 defendant Edmond's, Inc. filed a reply memorandum.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34,37, 522 A.2d 1235 (1987). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
Defendant Edmond's, Inc. argues in support of its motion that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers.
The plaintiff argues that the exclusivity provisions do not bar all actions brought by employees. They cite three cases, Wilson v. Security Insurance Co., 213 Conn. 532, 569 A.2d 40
(1990), C.N.A. Insurance Co. v. Colman, 25 Conn. App. 651,595 A.2d 949 (1991) (appeal pending), and Bouley v. City of Norwich,25 Conn. App. 492, 595 A.2d 884 (1991) (appeal pending), in which employees were permitted to recover against their employers' uninsured or underinsured motorist coverage. The plaintiff argues that in these cases the employees could have brought actions against the uninsured or underinsured motorists, but instead were CT Page 3710 permitted to recover against their employers' policies.
In its reply memorandum, the defendant argues that the cases cited by the plaintiff are distinguishable because they address the issue of whether an employee is permitted to recover against the employer's uninsured or underinsured motorist policy.
General Statutes 31-284 (a) states, in relevant part:
 An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury . . . sustained in the course of employment as aforesaid are abolished other than rights and claims given by [the Workers' Compensation Act]. . . .
"[T]he exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers for job related injuries." Squeglia v. Milne Construction Co., 212 Conn. 427, 433, 562 A.2d 505 (1989) citing Sharp v. Mitchell, 209 Conn. 59, 66, 546 A.2d 846 (1988); Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532,494 A.2d 555 (1985); Mingachos v. CBS, Inc., 196 Conn. 91, 98, 491 A.2d 368
(1885); Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979).
The plaintiff argues that recent case law has modified the exclusivity bar for claims involving vehicular collisions. However, the cases cited only hold that "the exclusive remedy provisions of the workers' compensation statute, General Statutes31-284, do not prohibit an employee from obtaining benefits pursuant to the underinsurance [or uninsurance] coverage of his employer's . . ." automotive insurance policy. C.N.A. Insurance Co. v. Colman, supra, 651.
In Bouley v. Norwich, supra, the court stated:
 The Workers' Compensation Act compromises an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. . . . It is undisputed that the Workers' Compensation Act, General Statutes 31-275 et seq., is the exclusive remedy for injuries sustained by an employee `arising out of and in the course of his employment.'. . . . [A]n uninsured motorist CT Page 3711 policy `is a contract and the risks covered by the policy are determined by the intention of the parties as manifested in the contract.' (Emphasis in original, citations omitted.)
Id., 495-96.
In the present case, the second count of the plaintiff's complaint is based in negligence. Under the analysis used in Bouley v. Norwich, supra, and Squeglia v. Milne Construction Co., supra, such an action is barred by the exclusivity provision of General Statutes 31-284 (a). Hence, the defendant Edmond's Inc.'s motion to strike count two is granted.
THOMAS V. O'KEEFE, JR., JUDGE