[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S OBJECTION TO MOTION TO JOIN AS CO-PLAINTIFFS (#105).
On January 23, 1992, the plaintiff, Louelia Davis, filed a complaint against the defendants, The Forman School and Peter Henry, Headmaster of the School. The plaintiff alleges, inter alia, that she was hired by the School on or about July 5, 1989, at which time the parties entered into a written contract for each year of her employment. The plaintiff further alleges that at all times during her employment, she received satisfactory performance evaluations and that, on or about June 28, 1991, the School, through defendant Henry, terminated her employment. The plaintiff maintains that this action constitutes a breach of contract. The plaintiff, in counts two (2) through five (5) also claims that the defendants intentionally:. inflicted extreme emotional distress upon her by terminating her employment; that the defendants acted negligently in terminating her employment; that she had a mental disorder and/or physical disability as such is defined in General Statutes Section 46a-60 and, consequently, the defendants' actions in terminating her violated the public policy prohibiting discrimination on the basis of mental disorder and physical disability; and that her termination was violative of the covenant of good faith and fair dealing.
On April 22, 1992, the defendants filed a motion to be joined as co-plaintiffs and to file an intervening complaint. On April 29, 1992, the plaintiff filed an objection to the defendants' motion to join as co-plaintiffs and to file an intervening complaint.
An employer has a general right to seek reimbursement from a third party tortfeasor for benefits paid to an employee for injuries caused by that third party, See e.g., Skitromo v. Meriden Yellow Cab Co.,204 Conn. 484, 488, 528 A.2d 826 (1987). The Skitromo court further stated that:
 This right is established by General Statutes Section 31-293, which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's CT Page 4594 malfeasance. (Emphasis added.)
Id. See also Enquist v. General Datacom, 218 Conn. 19, 22-23, 587 A.2d 1029
(1991); Bouley v. Norwich, 25 Conn. App. 492, 502, 595 A.2d 884 (1991).
In the present matter the defendants' motion is not based upon the existence of a third party tortfeasor. Consequently, the objection to the defendants' motion is sustained.
PICKETT, J.