[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is an action brought by plaintiff against his former supervisor, defendant Toburen, and his former employer, defendant Griffin Hospital, for injuries resulting from an alleged assault on plaintiff by Toburen while both were working at defendant Hospital. The complaint has six counts alleging intentional assault by defendant Toburen, intentional infliction of emotional distress by defendant Toburen, negligent infliction of emotional distress as to defendant Toburen, negligent assault as to defendant Toburen, respondeat superior liability as to defendant Hospital and negligent supervision as to defendant Hospital.
Defendants' answer, as amended, denies the operative allegations of the complaint, except as to the parties' employment, and raises several special defenses as to both defendants and all counts, which are the basis for defendants' Motion for Summary Judgment.
I. STANDARD FOR SUMMARY JUDGMENT
"Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Busconi v. Dighello, 39 Conn. App. 753, 761, 668 A.2d 716 (1995). The Connecticut Practice Book states that summary judgment "shall be CT Page 7354 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Practice Book § 17-49.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issues of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Associates Fin. Servs. of Am. v. Sorenson, 46 Conn. App. 721, 729,700 A.2d 107 (1997) (internal quotations and citations omitted).
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perilli v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985). "The test is whether a party would be entitled to a directed verdict on the same facts." Beers v. Bayliner Marine Corp.,226 Conn. 769, [236 Conn. 769], 771 n. 4, 675, A.2d 829 (1996).
II. RELEVANT FACTS
It is undisputed that plaintiff was working on the boiler at defendant Hospital in the course of his employment, and that when he refused his supervisor defendant Toburen's request to work overtime on the boiler on October 30, 1998, defendant Toburen pushed or shoved him, causing him to fall backward and hit his head. See Toburen Affidavit, Exh. C and Griffin Hospital Letter November 12, 1998, Exh. H. Plaintiff's allegations, which are supported by his deposition, Exh. A, are that defendant Toburen "lunged at my throat, picked me up and slammed me against the wall. . . . There was a bolt that was protruding out of the wall and that impacted my head."
Plaintiff attempted to continue working, but was unable to do so because of his injury. He reported the injury to his union steward and the Hospital Director of Human Resources and left work. He was out of work due to his injury until January 7, 1999 and received workers' compensation benefits.
On November 5, 1998, plaintiff filed a grievance protesting unsafe working conditions and requesting "a make whole" remedy and immediate termination of defendant Toburen. Exh. E. The Hospital denied the CT Page 7355 grievance on November 12, 1998. Exh. G.
Thereafter, on November 17, 1998, the union requested arbitration and reconsideration of the grievance. Exh. I and J. However, on his return to work, plaintiff found himself unable to work due to the stress of the incident and the Hospital's unwillingness to terminate defendant Toburen, and he resigned. Exh. F and K. On March 15, the union withdrew its request for arbitration. Exh. M.
III. PREEMPTION (THIRD SPECIAL DEFENSE)
The defendants urge this court to accept that plaintiff's claims are preempted by § 301(a) of the Labor Management Relations Act (LMRA).
Section 301(a) of the Labor Management Relations Act,26 U.S.C. § 141 provides:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court in the United States having jurisdiction of the parties without respect to the amount in controversy or without regard to the citizen of the parties.
"A suit brought in state court alleging a violation of the provision of a labor contract must be brought under 301 and be resolved by a reference to federal law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210, 213,105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Section 301(a) preempts state law claims that are "substantively dependent on analysis of a collective bargaining agreement." Caterpillar, Inc. v. Williams, 4832 U.S. 386, [482 U.S. 386], 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (quotingInternational Bhd. of Elec. Workers v. Hechler, 481 U.S. 851, 859 N.3,107 S.Ct. 2161 95 L.Ed.2d 791 (1987)). The question therefore is: Do the state law claims at issue require the interpretation of the collective bargaining agreement?
Here, the claims raised by plaintiff do not require the interpretation of the collective bargaining agreement. The complaint alleges various causes of action against the individual defendant and the employer, all sounding in tort. The duty of care and liability of the parties is governed by state law, and do not require any interpretation of the collective bargaining agreement. Defendants are not entitled to summary judgment based on this defense.
IV. FAILURE TO EXHAUST ADMINISTRATIVE REMEDY (FOURTH SPECIAL DEFENSE)
CT Page 7356
Defendants next argue that summary judgment is required because plaintiff failed to exhaust his administrative remedies as required by the union contract. Under both federal and state law, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement. Failure to exhaust the grievance procedure deprives the court of subject matter jurisdiction. Labbe v.Pension Commission, 229 Conn. 801, 811, 643 A.2d 1268 (1994).
Here, however, plaintiff did pursue the appropriate grievance procedure through a demand for arbitration, but it was withdrawn when he terminated his employment. The grievance, in most part, concerned defendant Hospital's refusal to discipline defendant Toburen or dismiss him, such that plaintiff could return to work safely. Plaintiff voluntarily terminated his employment, making the grievance over his working conditions moot, since he was no longer an employee of defendant Hospital. Plaintiff is not required thereafter to pursue an administrative remedy for the claims he has here, liability and compensation for the injury itself. As stated above, plaintiff's tort claims are not dependent on his employment agreement. This court has subject matter jurisdiction of the claims alleged in this complaint, and summary judgment is not appropriate on this defense.
V. THE EXCLUSIVITY PROVISION OF THE WORKERS' COMPENSATION ACT (SECOND SPECIAL DEFENSE)
 A. CLAIMS AGAINST THE HOSPITAL EMPLOYER (COUNTS FIVE AND SIX)
The Connecticut Workers' Compensation Act (the "Act") contains the following exclusivity provision:
 An employer . . . shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment.
Conn. Gen. Stat. § 31-284a.
"It is undisputed that the [Act] . . . is the exclusive remedy for injuries arising out of and in the course of his employment." Bouley v.Norwich, 25 Conn. App. 492, 496, 595 A.2d 884 (1991), rev'd on othergrounds, 222 Conn. 744, 610 A.2d 1245 (1992). The purpose of the Act "is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability of the employer." Jett v. Dunlap, 179 Conn. 215, 217, CT Page 7357425 A.2d 1263 (1979). Accordingly, the exclusivity provisions of the Act "operate as a total bar to actions brought by employees against employers for job related injuries. . . ." Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 666, 613 A.2d 838 (1992).
In Jett v. Dunlap, supra, the Supreme Court held that the exclusivity of the Workers' Compensation Act is not eroded when the plaintiff alleges an intentional tort by his supervisor unless the defendant employer intentionally directed or authorized the supervisor to strike the plaintiff. The. pleadings must allege that the employer directed or authorized the assault or that the assailant was of such a status in the defendant's organization as to be characterized as the alter ego of the corporation to impute any tortious conduct by the fellow employee as an intentional tort on the part of the employer.
In Counts Five and Six of the Complaint, plaintiff has not alleged any intentional tort on behalf of defendant Hospital or. any facts or circumstances sufficient to support a finding or even an inference that the employer directed or authorized the assault or that defendant Toburen could be characterized as the alter ego of the corporation. Similarly, plaintiff has not alleged or demonstrated any facts to support a finding that the employer actually intended to injure plaintiff or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur. Suarez v. DickmontPlastics Corp., 242 Conn. 255, 257 (1997); see also Perilli, supra.
Accordingly, the defendant Hospital is entitled to summary judgment in its favor on Counts Five and Six of the Complaint.
B. CLAIMS AGAINST SUPERVISOR TOBUREN (COUNTS ONE — FOUR)
The defendant also argues that plaintiff's claims against his supervisor, defendant Toburen, are also barred by the exclusivity provisions of the Workers' Compensation Act.
Connecticut General Statute § 31-293a states, in pertinent part as follows:
 If an employer or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong off a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful and malicious. . . . CT Page 7358
Under this statute, plaintiff sole remedy lies within the provisions of the Workers' Compensation Act unless he can prove that defendant Toburen's acts were "wilful and malicious."
Under this statute, plaintiff's claims under Count Three, negligent infliction of emotional distress as to Defendant Toburen, and Count Four, Negligent Assault as to Defendant Toburen, must fail.
Plaintiff argues that he may still seek redress for negligent infliction of emotional distress, since mental and emotional impairment are excluded from the definition of "personal injury" in the Workers' Compensation Act. Conn. Gen. Stat. § 31-275 (16). However, here, the alleged emotional impairment, fear of returning to work, arises from the physical injury itself and did not result from a personnel action. §31-275 (16) (B) (ii) and (iii). Accordingly, no facts are alleged or shown sufficient to take the claims in Count Three outside the exclusivity provisions of the Workers' Compensation Act.
Similarly, Count Four, which alleges a negligent assault by the defendant Toburen, contains no facts which would support a finding that defendant Toburen's acts were wilful or malicious.
With respect to the remaining Counts One and Two, the intentional assault and the intentional infliction of emotional distress, plaintiff has in fact alleged an intentional assault and that defendant's acts were extreme and outrageous and intended to cause the plaintiff extreme emotional distress. These allegations of the complaint are supported by plaintiff's deposition testimony describing the incident based on which a jury could find that, unprovoked, defendant Toburen choked plaintiff and pushed his head against a protruding bolt in the wall.
Although the defendant disputes these allegations, this question of credibility between the parties raises an issue of fact which this court cannot resolve on a motion for summary judgment. Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. These allegations and the evidence proffered by plaintiff raise an issue of material fact regarding defendant's conduct toward the plaintiff, which is a question of fact for the jury. Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994) and Goodwin v. Pratt, 10 Conn. App. 618, 524 A.2d 1168
(1987).
Accordingly, the Motion for Summary Judgment as to Counts One and Two of the Complaint directed solely toward the individual defendant Paul Toburen is denied, in that a genuine issue of material fact exists as to CT Page 7359 whether or not defendant's conduct was wilful or malicious, taking it outside the provisions of the Workers' Compensation Act.
VI. ORDER
For the foregoing reasons, summary judgment is granted in favor of the defendant, Griffin Hospital. As to defendant, Paul Toburen, summary judgment is granted in his favor on Counts Three and Four of the Complaint; summary judgment is denied as to Counts One and Two of the Complaint.
So ordered.
Sequino, J.