## E. CLINTON TERRY'S APPEAL FROM PROBATE.

First Judicial District, Hartford, October Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

When a Court of Probate approves of the executor named in a will, and commits to him the administration of his testator's estate, such executor is entitled to the sole and exclusive administration of such estate. By such action the court has, for the time being and while that condition of things remains unchanged, exhausted its jurisdiction in respect to that subject, and cannot appoint an administrator with the will annexed.

[Argued October 3d, 1895—decided January 6th, 1896.]

APPEAL from certain orders and decrees of the Court of Probate for the district of Plymouth, taken to the Superior Court in Litchfield County and thence transferred by consent of the parties to the Superior Court in Hartford County, and tried to the court, *Thayer, J.;* facts found and judgment rendered in favor of the appellant, E. Clinton Terry, and appeal by the appellee, James Terry, for alleged errors in the rulings of the court.   *No error.*

*Henry Stoddard,* for the appellant, James Terry.

I. The decree granting administration with the will annexed to James Terry, was within the jurisdiction of the Court of Probate.   The two facts necessary to give the court jurisdiction are conceded, and they are: first, the death of the testator, and second, his residence in the district of Plymouth at the time of his death.   *Bolton et al.* v. *Schriever et al.,* 135 N. Y., 65; 1 Woerner's Am. Law of Administration, § 145; *Hall* v. *Pierson,* 63 Conn., 332; *Shelton* v. *Hadlock,* 62 id., 151; *Gallup* v. *Smith,* 59 id., 361.

II. The decree of the Court of Probate, in granting administration with the will annexed to the defendant, was not erroneous.   1 Sw. Dig., 447; *Woodhouse* v. *Phelps,* 51 Conn., 523; *Rhodes* v. *Seymour,* 37 id., 7; *Pease* v. *Phelps,* 10 id., 68; *Pratt* v. *Stewart,* 49 id., 34; 1 Swift's System, 423.

III. Every presumption supports the jurisdiction and the judgment in this case, and it is supported both by presumptions of fact and the presumption of law. *Stone* v. *Hawkins,* 56 Conn., 115.

IV. The decree of the Court of Probate, passed on the 22d day of April, 1871, cannot be attacked collaterally. *Dickinson* v. *Hayes,* 31 Conn., 417; *Mix's Appeal,* 35 id., 122; *Kelly* v. *Johnson,* 38 id., 269; *Emery* v. *Hildreth,* 2 Gray, 231; 2 Black on Judgments, § 639.

*William W. Hyde,* for the appellee, E. Clinton Terry.

I. The order of the Court of Probate appointing James Terry administrator, with the will annexed, was absolutely null and void. 1 Swift's Digest, 443, 444; 1 Williams on Exrs., 6 Am. Ed., 256 (top page, 295), 461 (top page, 527); *Ayres* v. *Ward,* 16 Conn., 296; 2 Williams on Exrs., 6th Am. Ed., 911 (top page, 980); 2 Woerner Amer. Law of Adm., § 346, p. 733, and cases cited; 1 id., §§ 171, 179, 245; *Marcy* v. *Marcy,* 32 Conn., 308. The statutes of this State do not in any way alter the general rule, but on the contrary, expressly recognize and reaffirm it. General Statutes, §§ 549, 569, 554; *Smith's Appeal,* 61 Conn., 420; *Culver's Appeal,* 48 id., 165; *Finn* v. *Hempsted,* 24 Ark., 111; *Holyoke* v. *Haskins,* 5 Pick., 20.

II. E. C. Terry has a perfect right to raise the question of the validity of the order of April 22d, 1871, on this appeal. *Sears* v. *Terry,* 26 Conn., 273; *First Nat. Bank* v. *Balcom,* 35 id., 351; *Culver's Appeal, supra; Bent's Appeal,* 35 Conn., 523; *Shelton* v. *Hadlock,* 62 id., 143; *People's Sav. Bank* v. *Wilcox,* 15 R. I., 258.

III. James Terry, never having been legally appointed, cannot derive any authority to act as administrator from the acts of the other parties in interest, nor from his own assumption of the position. Whoever relies on an appointment from a Court of Probate, must prove the facts necessary to give it jurisdiction. *Sears* v. *Terry,* 26 Conn., 273; *First Nat. Bank* v. *Balcom,* 35 id., 351.

TORRANCE, J. The facts in this case, upon which the decision of the principal question in it depends, are in substance the following :—

In April, 1871, James Terry, a resident of the town of Plymouth in this State, died, leaving a will in which he had appointed Allen and Adams to be his executors, but Adams had died before the testator. Shortly after Terry's decease the will was duly presented for probate in the Court of Probate for the district of Plymouth, and on the 22d of April, 1871, was duly proved and approved as the last will of the deceased. The record of that court, after reciting the approval of the will proceeds as follows :—

" And on the same day, Rollin D. H. Allen, named in said will as one of the executors thereof, and James Terry of said Plymouth, to whom this court hereby grants administration with the will annexed, Joseph H. Adams, one of the executors named in said will having deceased in the lifetime of the testator, appeared in court, accepted said trust, and gave bonds with sufficient surety in the sum of twenty thousand dollars, which were accepted and approved by said court." The administrator thus appointed was a son of the testator, and he " was never appointed administrator of said estate otherwise than by said order of April 22nd, 1871." Allen never resigned his trust " and was never removed from his position as such executor until his death " in December, 1893.

In all the steps taken in the settlement of the estate these two joined, the one acting as executor and the other as administrator with the will annexed, and the final administration account signed by both in their respective capacities, was accepted and approved in March, 1873. After this nothing further was done by either with reference to the estate down to the time of Allen's death in 1893.

In October and November, 1894, James Terry, claiming and representing himself to the Court of Probate in Plymouth, to be the administrator of his father's estate, obtained, as such administrator, from said court certain orders respecting the settlement of said estate. From these orders, E.

Clinton Terry, a son of the testator, took an appeal to the Superior Court, chiefly on the ground that James Terry was not the administrator with the will annexed, because the order of April 22d, 1871, appointing him to that office, was void and of no effect. The Superior Court took Mr. E. Clinton Terry's view of this matter, and thereupon rendered judgment reversing the orders appealed from; and from that judgment James Terry brings the present appeal.

If the probate decree of April 22d, 1871, so far as it relates to the appointment of an administrator with the will annexed, is void, that is, destitute of any legal effect whatever, the judgment below must stand. On the other hand if that decree, in the respect indicated, was merely erroneous, that is valid until set aside on a proper appeal, then the judgment below should be set aside; for the decree in question would in that case be protected from collateral attack under § 436 of the General Statutes.

Counsel for the present appellant claim that the decree is not even erroneous; but in this we think they are mistaken. Under the circumstances disclosed by the record, where an executor capable of service, appears in court, accepts the trust, is approved by the court and duly qualifies, it is by law the duty of the court to commit the administration of the estate to him; *Smith's Appeal from Probate*, 61 Conn., 420, 427; and under such circumstances, we think it is equally the duty of that court, under the statute, to commit such administration solely and exclusively to him; for he is the person to whom alone, while he remains capable, qualified and in the performance of his duties, the law and the will give all the rights and upon whom they impose all the duties pertaining to such administration.

The important question then is whether the decree in question, in the respect above indicated, is void, or merely erroneous in the sense above explained; and this question relates to the jurisdiction of the Court of Probate.

It is conceded, as it must be in this case, that two of the important facts necessary to give the Court of Probate jurisdiction, existed; namely, the death of the testator; and his

residence within the district of Plymouth at the time of his death.

The existence of these two facts unquestionably gave the Court of Probate power to approve or disapprove of the will, and to grant the administration of the estate to some person. After it had approved of the will, we think it had jurisdiction of the question whether it would approve of the executor named in the will and permit him to administer upon the estate, or would reject him, and appoint an administrator with the will annexed, and commit the administration to him, as for want of an executor. We say the Court of Probate had jurisdiction of those questions, that is, had the power to hear, and to determine them one way or the other; but we do not say that it had the power, under all circumstances, to decide these questions as it saw fit; for in exercising its jurisdiction it must obey the law, or its determination will be at least erroneous.

Want of jurisdiction is one thing, and an erroneous exercise of an admitted jurisdiction is quite another; although the line that separates the one from the other is not always a plain one. *Smith's Appeal from Probate, supra*, affords a fair illustration of the distinction here suggested. In that case the Court of Probate refused to approve of the executor named in a will, and appointed an administrator with the will annexed. This court held that the Court of Probate erred in this because, under the circumstances of that case, the law made it the duty of that court to approve of the executor. In that case the Court of Probate clearly had the power to hear and to determine the question whether it would permit the executor to administer the estate, or would refuse to do so, and appoint an administrator with the will annexed; for the statute made it the duty of the court to appoint such an administrator under certain circumstances, and this gave it the right to determine whether or not those circumstances existed; but in the exercise of that jurisdiction — in its determination of the question — it erred because it decided contrary to law.

As before stated, we think the Plymouth Court of Pro-

bate in 1871 had the power to hear and to determine the question whether it would permit the executor to administer the estate, or would refuse to do so and appoint an administrator with the will annexed. In the exercise of that jurisdiction, however, while it could, under certain circumstances, refuse to permit the executor to administer, and might in such case appoint an administrator with the will annexed, under no circumstances could it, as in the case at bar, commit the entire administration of the same estate at the same time to the executor and also to an administrator with the will annexed, thus giving to each in severalty the entire and exclusive power to administer; for the title of each to the property would be thus derived from different sources, the one from the will and the other from the law and the grant of administration; *Marcy* v. *Marcy*, 32 Conn., 308; the one would be the appointee of the testator to whom he had confided the entire administration, and the other the appointee of the Court of Probate, to whom the law had confided the entire administration; from the very nature of the case their titles would be exclusive of each other; and the rights and powers of each over the same estate at the same time would be, as respects the other, exclusive and opposed.

If, then, a Court of Probate upon one day approves a will, and approves of the executor, and he accepts the trust and qualifies and enters upon, and continues in, the performance of the duties of his office, can it upon a subsequent day, while this condition of things remains the same, appoint an administrator with the will annexed, and commit the sole and exclusive administration of the same estate to him? We think not. We think the court under such circumstances would have no jurisdiction to grant the entire general administration to another, and that the attempt to do so would be a nullity. In such a case the jurisdiction of the court over the question of committing the administration to any one, would have been already exercised in favor of the executor, and thereby for the time being exhausted; and so long as that condition of things remained unchanged, it was a legal impossibility for the Court of Probate to clothe another person

at the same time with the powers which the will and the law had already given to and continued in the executor. *Griffith* v. *Frazier*, 8 Cranch, 9.    But this in effect is just what the Court of Probate attempted to do in 1871.    It in effect committed the entire administration solely and exclusively to the executor, for this was the legal effect of its action with respect to him.    When the Court of Probate, by its action with respect to the executor, had committed the entire administration to him it had exercised, and, for the time being, had exhausted, so to speak, its jurisdiction to commit the administration to some one, for it thereby had committed it entirely to him.    It had jurisdiction to refuse administration to the executor and to commit it to an administrator, in the sense before explained; but having thus committed it to the executor, it could not in the same breath commit the same thing to another, and so clothe two separate individuals with exclusive legal ownership in severalty over the same property at the same time.

For these reasons we think the appointment of, and grant of administration to, James Terry in 1871, were void and of no legal effect, and might be shown to be such in a collateral proceeding.

There is no error.

In this opinion the other judges concurred.