Strafford,
July 1, 1952. } No. 4126.

FRANK TOWLE & a. v. VINTON R. YEATON, *Ex'r.*

*McCabe & Fisher* (*Mr. Fisher* orally), for Frank Towle.

*John W. Perkins* and *Upton, Sanders & Upton* (*Mr. Sanders* orally), for Christine Pierrochakow.

*L. H. Cater* for the city of Somersworth.

*Wyman, Starr, Both, Wadleigh & Langdell (Mr. Wyman* and *Philip Peters* orally), for Vinton R. Yeaton, executor.

BLANDIN, J. The first question before us is whether R. L., *c.* 352, *ss.* 20, 21, relating to the appointment of special administrators authorizes such an appointment pending an appeal from the proof of a will in solemn form and after the appointment of an executor under it. Our answer is that we believe the statute does authorize such action whenever the interests of the estate require it.

The next question is whether in this case the Trial Court abused his discretion by appointing a special administrator. Our conclusion from an examination of the record is that there was no abuse of discretion, and the decree of the Court appointing a special administrator should be affirmed.

Revised Laws, chapter 352, section 20, reads as follows: "Whenever, by reason of an appeal from the probate of a will or the appointment of an administrator, or from any other cause, there is delay in determining the final grant of administration upon the estate of a person deceased, a special administrator may be appointed, if the interests of the estate require it." Following this, section 21 provides that, "Such appointment may be made by the judge or by the superior court."

Our courts have construed these provisions as authorizing the appointment of a special administrator after an original appointment of an executor by the probate court. *Sargent* v. *Sanborn,* 66 N. H. 30. The appointment of a special administrator in that case was made after the appointment of executors by the probate court. Although there was no contest, and the nature of the special administrator's duties do not appear, yet the Court (*Doe,* C. J.) confirmed and approved his appointment under the laws then in force (G. L., *c.* 195, *ss.* 18, 19) which are identical in all essentials with our present law. Furthermore, it seems the purpose of this legislation is on its face to cover just such situations as the one before us. The Legislature cannot have intended the word "final" as used in section 20 to be useless, or to mean the opposite of its ordinary interpretation. As commonly used (R. L., *c.* 7, *s.* 2), or construing it as have our courts in a variety of situations, final means last, conclusive, not open to appeal or revision. *Wallace* v. *Wallace,* 74 N. H. 256, 258; *Gunnison* v. *Abbott,* 73 N. H. 590, 592; *Sheehan* v. *Connor,* 82 N. H. 529, 530; *Gagnon* v. *Krikorian,* 92 N. H. 344, 348. See also, 36 C. J. S. 762. Had there been an intent

to permit no appointment after the original grant by the probate court words such as "original grant" or "grant of administration by the probate court" would naturally have been used. The broad language employed, such as *"whenever . . . or from any other cause"* (emphasis supplied) indicates wide latitude was given to the probate court, or the Superior Court (*s.* 21) to make an appointment either before or after the original grant. These words are not qualified as they would have been had the Legislature intended to so restrict the meaning of this statute as the executor claims.

The authorities cited in support of a restrictive interpretation, decided under different facts than ours, are not convincing. Either they rest on statutes and perhaps policies different from ours, or as in the case of *Appeal of Terry,* 67 Conn. 181, a decision heavily relied upon by the defendant, we have a situation where no comparable statute at all is involved. In no event are these decisions controlling in the face of the plain wording of R. L., *c.* 352, *ss.* 20, 21, and the case of *Sargent* v. *Sanborn,* 66 N. H. 30, which has never been questioned. Our conclusion is that the statute means what the common usage of words and the *Sargent* case tell us it means; namely, that a special administrator may be appointed either before or after an original appointment by the probate court whenever the interests of the estate require it.

In this case, with several appeals from the probate of this will pending in addition to other litigation concerning the assets of the estate, it was obvious that delay would result. In addition there was evidence from which the Court could find that the executor by reason of participation, in various capacities, in transactions involving Mrs. Rollins, Skillings and Mrs. Skillings is not in a position as executor to take action in behalf of the estate which a disinterested representative might consider necessary or appropriate. The Trial Court's finding that the interests of the estate required the appointment of a special administrator was not an abuse of discretion.

Nor can we say that the appointment of an experienced and competent lawyer as special administrator, though he is also the Collector of Internal Revenue for this district is clearly unreasonable. Neither the statute (R. L., *c.* 352, *s.* 22) nor the orders of the Court impose any duty on him as special administrator to concern himself with the tax obligations of the estate. The defendant also claims, as an additional reason for vacating the appointment of the

special administrator, that his duties and those of the executor are so conflicting that any attempt by them to carry on together must result in chaos. We do not believe this position is tenable. The basic obligation of the special administrator, under R. L., c. 352, s. 22, is to preserve the estate of the deceased, and to do all things reasonably necessary to accomplish this under the direction of the Superior Court. In all matters pertaining to this end he has sole and supreme authority as indicated by the statute. See also, *Ford* v. *Ford*, 91 N. H. 161. In all other things, such as sustaining the will, and concerning which the Court has given the special administrator no instructions, the executor may continue to act. *Ford* v. *Ford, supra.* See also, *Sargent* v. *Sanborn*, 66 N. H. 30; Woerner, American Law of Administration, s. 181. In short, we find nothing in our decisions or the statute to sustain the position that the duties of the special administrator and the executor are so incompatible that they cannot be carried on at the same time. *Cf. In re Hubbs*, 31 Ariz. 252.

The defendant's final contention is that the decree confirming the appointment of McCabe & Fisher as attorneys for the special administrator at his request, and after a hearing before the Court, is an abuse of discretion as a matter of law, and must be set aside because Fisher represents an alleged heir who is contesting the will. It could reasonably be found that the appointee, Lewis J. Fisher, as a result of extensive investigation of the claims of the estate is especially qualified to advise the special administrator. The Court, in his decree appointing counsel stated that "The duties of the Special Administrator, unless otherwise authorized by the Court, are, 'to preserve the estate intact during litigation concerning it, and to do such acts as are reasonably appropriate to that end.' The Court does not understand that the Special Administrator has any interest in the contest of the will and takes no part in either sustaining it or revoking it. . . . The Court is of the opinion that Lewis J. Fisher, Esq. of McCabe & Fisher, as a result of what appears to be a very thorough investigation of the situation, is especially qualified to advise the Special Administrator in tracing assets of the estate. . . . In the event it should transpire that Brother Fisher's duties as counsel for the Special Administrator become incompatible with his duties as counsel for said Towle, one of the contestants, he will promptly advise the Court thereof."

It seems to us these directions take care of any difficulty suggested by the defendant, and are sufficiently specific for present

needs. However, should occasion arise application may be made to the Superior Court for further directions. In conclusion while under ordinary circumstances it is advisable to appoint disinterested counsel for a special administrator, in the circumstances here we cannot say the appointment was improper.

*Exceptions overruled.*

All concurred.