HELEN F. MISINONILE *v.* JOSEPH C. MISINONILE
(10816)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued March 9—decision released May 17, 1983

*Ernest C. LaFollette,* for the appellant (defendant).

*Abraham I. Gordon,* with whom, on the brief, were *Richard S. Scalo* and *Ronald D. Japha,* for the appellee (plaintiff).

PARSKEY, J. By complaint dated February 21, 1980, the plaintiff sought a dissolution of her marriage to the defendant along with alimony, custody and support. By memorandum of decision dated August 6, 1980, the court dissolved the marriage between the parties and awarded to the plaintiff custody of the minor child, alimony and support. On August 18, 1980, the court granted the defendant an additional period of sixty days

in which to appeal. No appeal was filed during either the twenty day period provided by the rule; Practice Book § 3007; or within the extended appeal period.

On March 26, 1981, the defendant filed a motion to open and set aside the judgment of August 6, 1980, claiming that the trial court lacked jurisdiction to enter the alimony order because in reality it was an order for support for a child over the age of majority. The defendant did not claim any change of circumstances which would justify a modification of the alimony order in accordance with General Statutes § 46b-86. From the court's decision denying the motion to reopen the defendant has appealed. We find no error.

"The court's judgment in an action for dissolution of a marriage is final and binding upon the parties, where no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of court permit the setting aside or modification of that judgment. Under Practice Book, 1978, § 326, a civil judgment may be opened or set aside . . . where a motion seeking to do so is filed within four months from the date of its rendition. Under § 326, the parties may waive the time requirements or otherwise submit themselves to the jurisdiction of the court. Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of the [period] provided in Practice Book, 1978, § 326." *Bunche* v. *Bunche,* 180 Conn. 285, 287–88, 429 A.2d 874 (1980). After the expiration of the four month period provided by § 326 a judgment may not be vacated upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless such action is authorized by statute or unless the error is one going to the jurisdiction of the court rendering the judgment.

*Kalinick* v. *Collins Co.,* 116 Conn. 1, 7–8, 163 A. 460 (1932). The court does have inherent authority, however, at any time to open and modify a judgment rendered without jurisdiction. *Broaca* v. *Broaca,* 181 Conn. 463, 467, 435 A.2d 1016 (1980).

In its original judgment the court ordered alimony of $200 per week and support for the minor child of $25 per week. The defendant points to the court's memorandum of decision to support his claim that the court entered an impermissible support order in the guise of alimony. The difficulty with the defendant's position is that it seeks to use the memorandum for the purpose of contradicting the express terms of the judgment and this he cannot do. *Walzer* v. *Walzer,* 173 Conn. 62, 76, 376 A.2d 414 (1977). The defendant asserts, however, that to the extent that the judgment ordered support for the child beyond the age of eighteen it was void and that the memorandum supports this assertion. Upon examination of the memorandum of decision,[1] which we consult for the limited purpose of ascertaining whether there is any factual basis for this claim; see *Gebrian* v. *Bristol Redevelopment Agency,* 171 Conn. 565, 573, 370 A.2d 1055 (1976); we conclude that the claim is without merit.

---

[1] In the memorandum of decision respecting the original judgment the trial court made the following pertinent observations: "Alimony awards, by statutory provision, are to be determined by many considerations, two of which are not only the needs of the parties, but in the case of a parent to whom the custody of a minor child has been awarded, the desirability of such parent's securing employment. The court would hold that although desirability of employment is a statutory consideration, an equally potent factor is the availability of normal employment by one who finds herself saddled with the more difficult responsibilities of a mother and the care of her retarded child. The mother is now employed on a limited hourly basis, and it is apparent that the nature of her work is of necessity tailored so that she can cope with the constant needs of her child. To the extent that he is financially able, the father's responsibility in an abnormal situation such as this, should be reflected in the amount of alimony awarded, as against an order of support for the minor (sic) which will terminate in less

"The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute." *Bailey* v. *Mars,* 138 Conn. 593, 601, 87 A.2d 388 (1952); *Terry's Appeal,* 67 Conn. 181, 185, 34 A. 1032 (1896). The court had the power to hear and determine the issue of alimony. Whether in making its determination it could consider the economic impact on the plaintiff of providing care and comfort for her child after she had attained her majority we need not and therefore do not decide. We reserve that issue for another day. But even assuming that the trial court improperly permitted extraneous matters to enter into its alimony calculations, that fact at most would render its judgment erroneous, not void. "If it applied any wrong rule of law to the situation, it was not acting without jurisdiction but in the erroneous exercise of its jurisdiction." *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246 (1930).

There is no error.

In this opinion the other judges concurred.

than two years. The father ought to contribute, if not in fact compensate the mother for surrendering her normal way of life; her chance to make a new life; and instead dedicating her remaining years to the care and welfare of her child."