DENNIS J. CLEMENT, JR. *v.* CARELENE L. CLEMENT
(9839)

DUPONT, C. J., O'CONNELL and HEIMAN, JS.

Argued December 10, 1991—decision released April 14, 1992

*Gerald E. Farrell,* for the appellant (plaintiff).

*F. Patrick Zailckas,* with whom, on the brief, was *Howard W. Shelnitz,* for the appellee (defendant).

O'CONNELL, J. The plaintiff appeals from the judgment dissolving his marriage to the defendant. At issue are certain awards ordered by the trial court pursuant to General Statutes § 46b-81 (a)[1] and (c)[2] and General Statutes § 46b-84.[3] The plaintiff claims that the trial

---

[1] General Statutes § 46b-81 (a) provides: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect."

[2] General Statutes § 46b-81 (c) provides: "In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

[3] General Statutes § 46b-84 provides in pertinent part: "(a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance."

court improperly (1) structured the marriage dissolution property award in order to provide for the support of a nonminor child, (2) held the plaintiff solely financially responsible for debts incurred for the benefit of both parties, (3) failed to define payments it had ordered the plaintiff to pay to the defendant as periodic alimony, (4) ordered the plaintiff to hold the defendant harmless on a mortgage taken out in both parties' names, and (5) failed to consider the tax consequences of its orders. We affirm the trial court's judgment.

The following facts are relevant to this appeal. The plaintiff and the defendant were married on November 2, 1968, in Waterbury. At the time of trial, the parties had two minor children, ages eight and seventeen, and a third, nonminor child suffering from diabetes who resided with the defendant. The trial court awarded joint legal custody of the two minor children, with residence of the seventeen year old to be with the plaintiff and residence of the eight year old to be with the defendant. In addition, the court ordered the plaintiff (1) to pay $50 per week child support for the youngest child, (2) to pay the personal property taxes due to the town of Wolcott, (3) to hold the defendant harmless on two of three outstanding mortgages, and (4) to pay $50 per week alimony to the defendant. The court also rendered orders concerning health insurance for the minor children and division of the family's two automobiles. These orders are not contested. Other relevant facts are detailed in the following discussion.

The plaintiff filed a motion for articulation requesting the trial court to clarify, inter alia, (1) whether the court intended to benefit the nonminor child of the parties, and (2) whether an order requiring the plaintiff to pay certain joint debts constituted a property award or periodic alimony. The trial court's articulation stated that it found the defendant to be a credible witness,

but the plaintiff was not totally credible based on his understated income and implausible explanations of certain items. The court also found that the plaintiff was the cause of the marital breakdown, as well as the cause of the family's financial problems. Finally, the court concluded that because the plaintiff's earning capacity and health were superior to the defendant's, "[t]he provisions made by the court for the defendant's future are necessary for her to continue in a lifestyle approximately similar to the way the parties had lived in the past." A motion for further articulation was denied by the trial court.

The plaintiff first contends that the trial court improperly fashioned the property awards in order to provide for the nonminor, diabetic child who resided with the defendant. The plaintiff attempts to support this contention by citing the following statement made by the court at trial: "I have to figure out a way to keep this household intact. Because obviously . . . although he is eighteen years old, he's apparently a seriously ill offspring. . . . I don't know what happens to him if the mother says, 'Good-bye, I'm going into an apartment.' "

Although the plaintiff is correct that General Statutes § 46b-84 does not authorize consideration of a nonminor child's maintenance, in the present case, he cannot demonstrate that the court's order provided for the adult child's maintenance. Nowhere in the trial court's memorandum of decision, articulation, or judgment is there any mention of the diabetic adult child. In *Misinonile* v. *Misinonile,* 190 Conn. 132, 459 A.2d 518 (1983), the defendant claimed that the trial court improperly rendered a support order in the guise of alimony. The defendant contended that a reference in the trial court's memorandum of decision to the "care of her retarded child" demonstrated that the award of alimony was, in actuality, an improper order for the sup-

port of an adult child and was therefore void because the trial court lacked jurisdiction to render such an award. The *Misinonile* court held that it had jurisdiction, but did not reach the question of whether there was an erroneous exercise of that jurisdiction. The court noted that, "[t]he difficulty with the defendant's position is that it seeks to use the memorandum for the purpose of contradicting the express terms of the judgment and this he cannot do." Id., 135.

The facts in this case are stronger than in *Misinonile*. In that case, the memorandum of decision at least made reference to the proscribed category of support order. Here, the only mention of it was a comment by the trial judge at trial expressing his concern about the future of the household. Thus, the plaintiff's claim that the court improperly considered the maintenance of a nonminor child in structuring its property award is not supported by the record.

The plaintiff's second, third and fourth claims also must fail. The plaintiff's second claim is that the trial court improperly ordered the plaintiff to be financially responsible for debts incurred for the benefit of both parties. General Statutes § 46b-81 (a)[4] vests the Superior Court with broad discretion in assigning all or any part of the estate of the other to either the husband or wife. Moreover, General Statutes § 46b-81 (c)[5] allows the court to consider the causes of the dissolution of the marriage in valuing the property, as was done in this case.

The plaintiff's third claim, that the trial court should have defined the payments it ordered the plaintiff to make as periodic alimony, also fails to recognize that the trial court has broad discretion in rendering its dissolution awards. General Statutes § 46b-82 provides in

[4] See footnote 1, supra.
[5] See footnote 2, supra.

pertinent part: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, *in addition to* or in lieu of an award pursuant to section 46b-81." (Emphasis added.) Thus, because determination of what type of payments the court ordered the plaintiff to pay to the defendant rested within the discretion of the trial court, the plaintiff's claim must fail.

The plaintiff's fourth contention, that the trial court abused its discretion by ordering the plaintiff to hold the defendant harmless on a mortgage, is similarly without merit. Pursuant to General Statutes § 46b-81, a trial court may order one party to assume the joint liabilities of the parties. *Beede* v. *Beede,* 186 Conn. 191, 195, 440 A.2d 283 (1982). Here, the trial court properly considered the contribution of each of the parties in the acquisition, preservation or appreciation in the value of each party's estates, the cause of the marital breakdown and the age, health, employability and needs of each party in making its award. See *Cabrera* v. *Cabrera,* 23 Conn. App. 330, 348–49, 580 A.2d 1227, cert. denied, 216 Conn. 828, 582 A.2d 205 (1990).

In his remaining claim, the plaintiff asks this court to reconsider its position in *Seaver* v. *Seaver,* 10 Conn. App. 134, 521 A.2d 1053 (1987), where we held that "[t]here is no requirement in the applicable statutes which makes it mandatory that a trial court consider the federal tax implications of its financial orders." Id. Because our position is clear; see id.; we decline to reverse our decision in *Seaver.* Furthermore, because the plaintiff failed to raise the issue of tax consequences at the trial level or to put on any evidence as to the tax consequences of the property awards, such a claim may not now be raised at the appellate level.

Practice Book § 4185; *Ralto Developers, Inc.* v. *Environmental Impact Commission,* 220 Conn. 54, 58–59, 594 A.2d 981 (1991).

The judgment is affirmed.

In this opinion the other judges concurred.