[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and or other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this case are not in dispute. The plaintiff, whose maiden name was Judith Tower, and the defendant were married on August 7, 1976, at North Haven, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date of the filing or the complaint. The marriage between the parties has broken down irretrievably and there is no reasonable prospect of reconciliation. The plaintiff and the defendant have no minor children issue of the marriage and no minor children have been born to the plaintiff wife since the date of marriage of the parties and neither party is receiving State assistance. The plaintiff has two adult children who are issue of a prior marriage of the plaintiff, ages 28 and 26. CT Page 1741
This is the second marriage of the plaintiff and the first marriage of the defendant. The plaintiff is 52 years old and the defendant is 45 years old. The plaintiff presently suffers from high blood pressure. It is kept under control by medication. She has no other medical conditions. She has never lost any work due to her high blood pressure. The plaintiff is presently employed as a secretary at a local high school and has held that employment for the last five years. She is a high school graduate. She has been employed throughout her marriage to the defendant. During part of her marriage to the defendant she drove a school bus and on other occasions worked other types of jobs. The defendant was employed at a local high school as a custodian for a period of approximately fifteen years up to August of 1992. In August of 1992 he was given a choice of either resigning or being fired and he resigned. The court finds that under the circumstances of this case, that the resignation by the defendant was not a voluntary reduction of earnings by him. Since August of 1992, he has made reasonable efforts to find other employment and has not been successful. He has a high school education and attended barber school for one year following receiving his high school degree. He has not had any employment since August of 1992. When he retired in August of 1992 he was paid approximately $4,000.00 for accumulated sick leave and has used most of that money for living expenses since that time. For approximately the first six years of the marriage the defendant held down two jobs. When he resigned in August of 1992 the defendant was grossing $531.00 per week. The plaintiff is presently grossing $324.45 per week at her employment as a secretary for a local board of education. One of the two adult children of the plaintiff has special needs and is mildly retarded. The plaintiff in her claim for relief, seeks to have the court consider that "she has a child with special needs for whom she is totally responsible and the defendant contributes nothing to the care of the child." The court in entering the orders in this case is following Clement v. Clement, 27 Conn. App. 364,367 (1992), that does not allow consideration of a non-minor child's maintenance in fashioning orders. The family residence owned by the plaintiff and the defendant was purchased in February 1979. Since the date of purchase the parties have added an addition to the property, which addition was financed by a second mortgage that has a present balance of $18,614.00 held by the Dime Savings Bank. The first mortgage was originally in the face amount of $40,000.00 and has a present balance of approximately $31,000.00. The fair market value of the property CT Page 1742 is $135,000.00. The parties also added a porch addition to the property that was financed by the Wepawaug Federal Credit Union which loan has a balance of approximately $2,900.00. The plaintiff's financial affidavit shows a New Haven Savings Bank account with a balance of $36,345.00 and a Union Trust Company Money Market account with a balance of $51,900.00. Those two accounts were acquired by the plaintiff from the estate of Myrtle M. Tower, a second cousin of the plaintiff. Those sums were received by the plaintiff on or about October of 1991. An exhibit in this case, marked as Plaintiff's Exhibit 2, shows the status of that estate and the potential for additional income from the estate. The unpaid estate medical bills are in the range of $250,000.00, with some uncertainty as to what amounts will be covered by health insurance or other sources of coverage.
The court finds that neither party is at fault for the breakdown of the marriage.
This court has considered and weighed the factors set forth in 46b-81(c) C.G.S. in determining the issues of assignment of property, and has considered and weighed the factors set forth in46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorneys' fees.
ORDER
The court hereby enters the following orders:
A) The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B) No alimony is awarded in favor of either party.
C) The court enters the following orders by way of assignment of property:
 1) The defendant is ordered to quitclaim to the plaintiff all of his right, title and interest in the family residence located at 32 MacArthur Road, North Haven, Connecticut. The plaintiff is to be responsible for the payment of the first mortgage to Dime Savings Bank with an approximate balance of $31,000.00, and the second mortgage to Dime Savings Bank with an approximate CT Page 1743 balance of $18,614.00, and is to hold the defendant harmless therefrom. The plaintiff is also responsible for the payment of all municipal taxes on said property is to hold the defendant harmless therefrom. The plaintiff is to pay to the defendant the sum of $42,500.00 for his interest in the property. The deed from the defendant to the plaintiff and the payment of the $42,500.00 are to take place simultaneously on or before March 22, 1993.
 2) The plaintiff is to pay the Master Charge shown on her financial affidavit with an approximate balance of $870.00 and is to hold the defendant harmless therefrom.
 3) The 1988 Mitsubishi Precis automobile shown on the plaintiff's financial affidavit is awarded solely to the plaintiff. The defendant is to execute whatever documents are necessary to transfer that vehicle into the plaintiff's name. The plaintiff is to pay the loan balance and hold the defendant harmless therefrom. The plaintiff is to pay any municipal taxes owed on that vehicle.
 4) All other remaining assets shown on the plaintiff's financial affidavit under other personal property, bank accounts, insurance, and deferred compensation are awarded solely to the plaintiff.
 5) The defendant is to pay the Master Card, Sears, and Wepawaug Federal Credit Union liability shown on his financial affidavit and is to hold the plaintiff harmless therefrom. All of those liabilities are to be paid in full by the defendant upon receipt by him of the $42,500.00 from the plaintiff.
 6) The 1988 Mitsubishi Mirage automobile shown on the defendant's financial affidavit is awarded solely to the defendant. The plaintiff is to execute whatever documents are necessary to transfer title to that vehicle into the name of the defendant. The defendant is to pay any municipal taxes that are owed on that vehicle.
 7) All furniture, furnishings and appliances at 32 MacArthur Road, North Haven, Connecticut, are awarded to the plaintiff.
CT Page 1744
 8) All bank accounts, insurance and pension plan shown on the defendant's financial affidavit are awarded solely to the defendant.
 9) A credit union account held by the plaintiff, with an approximate balance of $240.00 that is not shown on her financial affidavit, is awarded solely to the plaintiff.
 10) Any further sums received by the plaintiff from the estate of Myrtle M. Tower are awarded solely to the plaintiff.
D) The court enters the following order by way of attorney's fees.
 1) Each party is ordered to pay their own attorney's fees.
F) Miscellaneous
 1) Counsel for the plaintiff is to prepare the judgment file and send it to counsel for the defendant for signature and filing.
Sidney Axelrod, Judge