[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT AND ENTER DISMISSAL
Plaintiff claims personal injuries and damages as a result of a motor vehicle accident on September 25, 1989, allegedly caused by defendant Jeremiah Laing's negligent operation of a motor vehicle owned by defendant Vanessa Thompson.
The sheriff's return indicated abode service on both defendants at 36 Allen Street, Apartment 401, Bridgeport, Connecticut. Defendants were defaulted for failure to appear and judgment was entered in favor of the plaintiff in the amount of $18,000.00 on July 19, 1991. Counsel appeared for the defendants on March 18, 1992 and filed the subject motions on April 13, 1992.
At an evidentiary hearing on the motion, the defendants each testified that, while they lived at 36 Allen Street, Apartment 401, in Bridgeport, Connecticut, at the time of the accident in 1989, they moved from that apartment in May CT Page 2279 of 1990 to take up residence at 337 East Avenue in Bridgeport, Connecticut. The sheriff's return claims abode service was made on October 14, 1990 at the 36 Allen Street address.
The court is satisfied on all the evidence that 36 Allen Street was not the usual place of abode of the defendants at the time of the attempted service of process. Both defendants credibly testified that the first notice they received of the lawsuit was the notice from plaintiff's counsel sent by certified mail of the $18,000.00 judgment. Although that notice was sent to 36 Allen Street, defendants testified that they received it as a result of a Notice of Certified Mail which apparently was forwarded to 337 East Avenue in Bridgeport. Defendants moved to Milford in May of 1991, but were called about the notice by defendant Laing's mother, who still resided at 337 East Avenue. They both went to the post office to pick up the notice (defendants' exhibit 1), and defendant Jeremiah Laing testified that it was sent to their insurance agent. Defendants' sending of the notice apparently resulted in the appearance by counsel and the subject motion.
Plaintiff argues that the defendants waited beyond four months after receiving notice of the judgment to file this motion. That argument is misplaced as this case is governed by the principles enunciated in General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223 (1988). That court stated at page 227 that "Service of process on a party in accordance with the statutory requirements is a prerequisite to court's exercise of in personam jurisdiction over that party." The court went on at page 228 to say
 "A court is without power to render a judgment if it lacks jurisdiction of the parties or of the subject matter. In such cases, the judgment is void, has no authority, and may be impeached. . . . A trial court's authority to open such judgments does not arise from General Statutes 52-212(a) or Practice Book 326 but from its inherent power to open a judgment rendered without jurisdiction. . . ." [Internal citations omitted.]
In the instant case jurisdiction over the person of the defendants was never obtained and there was never a CT Page 2280 voluntary submission to the jurisdiction of the court. Therefore, the judgment entered after default of appearance is void and the four month rule has no application as the court may open a judgment rendered without jurisdiction at any time. See Misinonile v. Misinonile, 190 Conn. 132, 134-35 (1983).
Plaintiff's arguments with respect to defendant Jeremiah Laing's not changing his address on his motor vehicle operator's license or car registration do not change the fact that the credible evidence showed the place of abode to be other than the place of service. This seems to be precisely the kind of situation envisioned by the accidental failure of suit statute, C.G.S. 52-592. That statute allows for a party to institute suit beyond the statute of limitations where it has failed one or more times to be tried on the merits because of insufficient service.
For the foregoing reasons, the motion to set aside the judgment is granted and the case is dismissed.
E. EUGENE SPEAR, JUDGE