[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
Each party in this case has filed, a motion for modification. A judgment of dissolution of the marriage was entered on August 6, 1980 (Herman, J.). At that time the court ordered $200.00 per week alimony and $25.00 per week support for the minor child Jennie Lynne to be paid by the defendant to the plaintiff. That order was subsequently modified on January 16, 1981 to provide for alimony in the amount of $175.00 per week. Since the file at this time cannot be found, it is presumed that it was at that time that the daughter became a ward of the state and the plaintiff no longer had the obligation for her daily care. since the only affidavits available for comparison purposes are those that are part of the record on appeal in 1981 or 1982 and filed on August 7, 1980, the parties have stipulated that the court may treat these affidavits as applicable to the parties' respective motions for modification. For a prior history of this case the court has been referred to the Supreme Court decision: Misinonile v. Misinonile, 190 Conn. 132 (1983).
The defendant seeks modification of the present $175.00 per week order on the basis that he his now retired. The plaintiff seeks modification of the present order to increase the same. CT Page 4758
At the time of the decree of dissolution, the parties had been married for nineteen years. At the time of their marriage, the plaintiff had three children of a prior marriage. The parties had two children issue of their marriage, both of whom are now over the age of eighteen. The youngest of these children was Jennie Lynne who was 16 at the time of the original decree. She is now in a group home in Derby, and each of the parties note expenses for her in her or his financial affidavit. The defendant was employed at Sikorsky and was earning gross wages of $378.00 per week and a net of 234.00 per week. The plaintiff had part time employment at The Algonquin Club with gross wages of $101.00 per week and net wages of $78.00 per week.
The plaintiff is now 67 years of age. She is not employed and has not worked since 1981. Her only income is Social Security of $105.00 per week. She sustained a degenerated disc in 1981 which caused her to terminate her employment. She presently has a mental disorder and is under medical treatment and is taking Lithium. She was in St. Vincent's Hospital a year ago for six days and again a year before that and in Griffin Hospital on three occasions prior to that time. She is checked every three months to determine her proper Lithium level. She does, however, keep her own home, drives her own car and babysits for her nine grandchildren from time to time.
The defendant is 68 years of age. He has remarried. He retired from Sikorsky on March 31, 1993 after 33 years of employment there. He receives a pension of $325.00 per week and Social Security of $258.00 per week. The defendant has had a thyroid condition for 35 years. At present he has hemorrhoids for which he will have surgery "in a couple of weeks." His hearing has been impaired since World War II.
Each of the parties' motions are filed pursuant to46b-86(a) of the General Statutes. In this case the only issue is modification of periodic alimony so that the only issue is whether each party has sustained her or his burden of demonstrating that there has been a substantial change of circumstances and whether such change or changes are substantial. See Turner v. Turner, 219 Conn. 703, 717 (1991); Fisher v. Kisher, CT Page 4759
The defendant's motion for modification was filed first, it being dated March 4, 1993. The plaintiff's motion seeking an increase in alimony is dated March 30, 1993.
The court finds that by reason of the defendant's retirement there has been a substantial change of circumstances and such change is substantial. Having so found, the court must now consider the factors of 46b-82 of the General Statutes to determine what is a fair and equitable amount of alimony. The plaintiff has a short fall between her expenses and her current income of $127.00 per week. This short fall is contributed to by the plaintiff's son. He also purchased her 1980 Chevette for her. The defendant's short fall is $130.00 per week. He has spent money from his inheritance to cover this short fall which he describes as "continuing right along."
The court has considered the factors of 46b-82 of the General Statutes. This is truly a most difficult balancing of the equities to determine a fair and equitable decision in this case. The defendant at age 68, reaching a point in life as "tired" as he testified, is entitled to retire. He is entitled to some relief from his alimony obligation. On the other hand, the plaintiff's situation is a fragile one.
The plaintiff's motion seeking an upward modification of alimony is denied. The defendant's counsel's observation that the best defense is a good offense is a valid observation. The defendant's motion for modification is granted and the alimony order is reduced from $175.00 per week to $100.00 per week effective from the date hereof unless the parties had agreed upon a retroactive date.
Since the plaintiff has very limited liquid funds for attorney's fees, the court, pursuant to the provisions of46b-62 of the General Statutes, grants the plaintiff an allowance of counsel fees of $750.00 and orders the defendant to pay said sum to plaintiff's counsel within thirty (30) days of the date hereof.
EDGAR W. BASSICK, III, JUDGE