[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO OPEN AND SET ASIDE JUDGMENT OF CONTEMPT
The plaintiff Frank DelGreco has filed a motion to open and set aside the order, dated October 26, 1994, adjudging him in contempt. The plaintiff claims that the court failed to properly recognize the orders of a trial court in Florida reducing, through a Uniform Reciprocal Enforcement Support Act (URESA) action filed by the defendant, the amount of the plaintiff's child support obligation. The defendant asserts that this court lacks jurisdiction to open the contempt judgment of October 26, 1995 because the plaintiff's motion to open was not filed within four months of the judgment. The court agrees with the defendant and therefore denies the motion to open and set aside the contempt order.
The plaintiff Frank DelGreco and the defendant Margaret DelGreco were divorced in this state on February 3, 1986. As part of the judgment, the court entered, inter alia, the following orders: The plaintiff pay the defendant $150 per week unallocated alimony and child support with the amount to be reduced to $70 on CT Page 11259-l January 1, 1992 and to terminate on January 1, 1997; the plaintiff maintain medical insurance for the minor children; and the defendant give the plaintiff a note in the amount of $10,000 due and payable on July 1, 1997 or upon her death, cohabitation or remarriage. On three subsequent occasions, January 14, 1987, November 3, 1987 and April 19, 1988, the court approved modifications of the current alimony and child support orders pursuant to stipulations.
On July 12, 1993, the court found an arrearage of $2,194 and ordered it deducted from the $10,000 note, thereby making the amount due the plaintiff $7,806.
On September 21, 1994, the defendant filed a motion for contempt on the grounds that the plaintiff was in arrears on his support obligation and he failed to maintain medical and dental insurance coverage for the benefit of the minor children. Pursuant to an order of notice issued by the court, the plaintiff was personally served on October 7, 1994 in Homosassa, Florida, by a deputy sheriff of Citrus County, Florida, with a summons commanding him to appear on October 26, 1994 in the Superior Court in Connecticut for a hearing on the defendant's motion for contempt. The plaintiff failed to appear for the hearing.
On October 26, 1994, the court found the plaintiff in contempt. The court ordered the $7,806 note due by the plaintiff reduced by $3,862.93, which it found to be the arrearage; by $2,291.76, which it determined to be the amount owed from missed medical insurance payments; and by $900 which it found to be an unpaid judgment lien. The court also ordered the remaining balance to be applied to future child support arrearages and awarded defendant counsel fees in the amount of $500. Finally, the court ordered that current child support remain at $70 per week.
On August 18, 1995, the plaintiff filed the subject motion to open and set aside the court's contempt judgment. The plaintiff asserts as grounds for his motion that the court erroneously found a child support arrearage and a failure by the plaintiff to maintain medical insurance for his minor children. The plaintiff claims that, pursuant to an action led by the defendant under the Uniform Reciprocal Enforcement Support Act (URESA), the Circuit Court for Citrus County, Florida, on January 3, 1994, modified the judgment previously entered by the Superior Court in CT Page 11259-m Connecticut and reduced the order of weekly child support to $67 per month, found no child support arrearage as of December 9, 1993 and reserved jurisdiction over the issue of medical insurance. The plaintiff claims that the Connecticut court, on October 26, 1994, should have given full faith and credit to the judgment of the Florida court.
It is a well-settled principle of law that a trial court lacks jurisdiction to open or set aside "any civil judgment or decree" where a motion to open is filed more than four months from the date of its rendition. Practice Book § 326. See also Connecticut General Statutes § 52-212a. In this case the plaintiff filed his motion to open the October 26, 1994 contempt judgment on August 18, 1995, almost ten months after the court's decision. Moreover, the plaintiff does not allege that he meets any of the few exceptions to this general rule. Practice Book § 326 provides that a civil judgment may not be opened or set aside where a motion to do so is filed beyond the four month period "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction".
The plaintiff is not invoking the continuing jurisdiction of this court by asking to modify a dissolution judgment or enforce a court order entered pursuant to a divorce judgment. He also is not alleging that the court lacked jurisdiction to enter its contempt judgment. See Broaca v. Broaca, 181 Conn. 463, 468
(1980). The court had persona jurisdiction because the plaintiff was personally served in Florida with a summons any the court had subject matter jurisdiction to enter a contempt order for failure to pay unallocated alimony and child support. See Conn. General Statutes § 46b-87.
Finally, the plaintiff's claim that the defendant failed to inform the Connecticut court that his child support amount was reduced by the Florida court does not rise to the level of fraud, nor has the plaintiff asserted that it does. See Kenworthy v.Kenworthy, 180 Conn. 129, 131 (1980). The Connecticut court was not deceived by the defendant in any way. The defendant informed the Connecticut court of the child support payments received through the Florida proceedings. Further information was not provided because it was the defendant's position that the Florida court did not and could not modify the prior judgment of the Connecticut court. The question of whether a court in a responding state may modify the judgment of a court in the CT Page 11259-n initiating state under URESA remains the subject of some debate. See Clark, The Law of Domestic Relations (2nd Ed. 1987), § 7.6, pp. 482-486.
The plaintiff is claiming that the court in Connecticut mistakenly found the plaintiff in contempt in light of the steps taken by the court in Florida. The most appropriate time and place to assert that claim was at the hearing on the defendant's motion for contempt on October 26, 1994. The plaintiff could have and should have asserted his claim at that time. He not only failed to raise his claim then but he failed to raise it by filing a motion to open judgment within the succeeding four months. It is too late to do so now. "After expiration of the four month period provided by section 326 a judgment may not be vacated upon the sole ground that it is erroneous in the matter of law. . . ." Misinonile v. Misinonile, 190 Conn. 132, 134
(1983).
The motion to open and set aside the contempt judgment is denied.
Jon M. Alander, Judge
CT Page 11260