[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The dissolution of marriage action came before this court by writ returnable on January 14, 1997. A trial of financial issues commenced on August 6, 1998 and succeeding days and was thereafter continued to January 19, 1999 for completion of the hearing on the merits. On January 20, 1999, the parties submitted a written agreement between them which embraced all issues and claims made by each arising out of this dissolution action, except three distinct issues. The trial court, after inquiry of the parties, accepted the agreement. Orders were entered on that date granting a judgment of dissolution of marriage, making the agreement of January 20, 1999 by and between the parties an order CT Page 925 of the court, and further ordering it incorporated by reference in the judgment file. The court also specifically retained jurisdiction to enter orders over those matters not agreed, judgment on which the court reserved to itself.
On January 20, 1999, argument was heard on these remaining issues, which are decided herein. The court has before it all of the testimony heard to date, the exhibits, the parties' financial affidavits (updated to January 10, 1999) and the parties' agreement.
The parties do not agree on issues relating to the status of compliance with pendente lite orders as of the time of judgment. They have stipulated, however, that the only claims of noncompliance with pendente lite orders which they seek to preserve are (1) those claims of plaintiff found in Exhibit G and (2) those claims of defendant found in Exhibit 4. It is ordered that only those pendente lite claims in Exhibits "G" and "4" shall survive the judgment and not be merged therein.
The defendant seeks, by way of relief from this court, an order of the court requiring the plaintiff to share equally with the plaintiff in taxes resulting from capital gains realized by the defendant in connection with the contemplated sale of real estate at 11 Marlboro Road, East Hampton, Laurel Island, East Hampton, and Washington Avenue, North Haven.
The defendant limits this requested relief to be granted only so long as he utilizes the sale proceeds to pay a loan from the Connecticut Development Authority. The parties' agreement reflects the principal balance of that loan to be $775,968.45 as of December 28, 1998. The mechanism the defendant envisions for the plaintiff's sharing of this tax liability is for the defendant recouping the sum as additional property settlement in accordance with the methodology of paragraph 4.4 of the parties' agreement.
The defendant, also by way of relief, seeks an order of the court requiring the plaintiff to make available to the defendant the equity in the real estate at 25 Whitaker Place, Stamford, for the defendant's use to secure debt up to $250,000.00. The defendant proposes that he will make all principal and interest payments on the debt as they come due, and, that the note would be paid off in accordance with its terms, or, if sooner, it would be paid off the top of sale proceeds from the sale of Weiss CT Page 926 Financial Corporation. Defendant also contemplates, in his proposal, that if plaintiff sells the 25 Whitaker Place, Stamford property, she shall use the sale proceeds to pay off the defendant's note, to be repaid to her upon the sale of Weiss Financial Corporation off the top.
The plaintiff opposes both of these initiatives of the defendant. The court has carefully considered the statutory criteria of Connecticut General Statutes Section 46b-81. Further, the court looks at the financial orders contained in the agreement to glean what is already in place. (Both parties, upon inquiry, made clear that the contents of the Agreement are immutable regardless of the court's ordering on these two further claims of the defendant.)
The parties were married October 24, 1953, 45 years ago. The plaintiff is 66 years old and generally in good health. She has been treating with a psychiatrist for a period of two years. She is a junior college graduate. She worked in the family business continually from its inception to 1992, when her husband asked her to cease work. The parties have been separated since December, 1996. The parties have three grown children, now 42, 41 and 36. The defendant is 67 years old. He has generally good physical health. He has emotional health difficulties and is medicated to ensure his functioning day to day. He has a Bachelor's Degree and was a naval officer at the time of marriage. He has worked full time in the family business since its inception.
The parties assets have been divided in accordance with the Agreement. The court finds both parties have worked hard toward the accumulation of their present assets. Their values are fixed in accordance with the values based on their respective financial affidavits. Weiss Financial Corporation has been divided "in kind" by equal shareholder ownership in each party. Therefore a specific finding as to its value is not essential. Based on the evidence before the court, its value could be anywhere in the range of $1 million and $6 million. Debt value assignment is as stated on the parties' respective affidavits.
Mr. Weiss is employed full time with the family business earning $150,000.00 per year. Since 1992, Mrs. Weiss has not been employed outside the home with the exception of management of rentals at the Puerto Rico property and the 25 Whitaker Place property. By way of income, she is paid [under the Agreement] an CT Page 927 income of $50,000.00 per year. Her rental income, net of expenses, is fixed at approximately $63,000.00 per year.
This court will not require Mrs. Weiss to provide security for Mr. Weiss' borrowings. Each party must be free to fashion their property ownership, or divestiture thereof, free from any continuing obligation to the other. Mr. Weiss is not left without equity. The equity in the three properties (Marlboro Rd., Laurel Island, and Washington Avenue) after the blanket of the CDA mortgage is still significant, certainly far in excess of the $250,000.00 the defendant seeks to borrow and secure. His IRA holdings exceed $140,000.00. The court is aware from the trial proceedings that Mr. Weiss has previously met financial need with other IRA withdrawals. Also, the court notes that a vehicle to borrow from Weiss Financial Corporation was included in the parties' agreement. Mrs. Weiss also has significant debt. She must be free to utilize her property equity for that purpose, for investment, or for safekeeping as she, in her own good business judgment, may choose. The court denies this requested relief.
Mr. Weiss argues that this court, in its discretion, should consider the tax impact of the intended sale of the above three properties, and allocate that tax burden equally between the two parties. The court may consider the tax burden of its orders, but it is not required to do so, Clement v. Clement, 27 Conn. App. 364,369, 606 A.2d 36 (1992); Seaver v. Seaver, 10 Conn. App. 134,521 A.2d 1053 (1987). The argument before this court is that if the properties are sold, a capital gain tax will be unpaid. The defendant argues that he intends to sell all three properties immediately to satisfy the CDA loan and, therefore, this tax is a very real consideration, rather than a conjectural inchoate liability which may come to pass at some indeterminate time in the future. Plaintiff argues that all of the properties are subject to tax or sale and therefore it would be inequitable for her to shoulder half (or any) or the defendant's tax burden when he will suffer none of hers.
The court, considering the statutory criteria, the evidence received, and the property settlement contemplated by the parties, awards the defendant as additional property settlement, the sum of $40,000.00 to be paid by the plaintiff to the defendant in the manner described in paragraph 4.4; however, plaintiff is excused from payment of said sum in whole or part if the defendant does not sell all three parcels of Laurel Island, Marlboro Road and Washington Avenue to satisfy the CDA debt in CT Page 928 the next 24 months. If any one or more of such properties is not sold to satisfy the CDA debt, then the entire $40,000.00 shall be excused from payment.
MUNRO, J.